## SWANSON et al. v. FORT WORTH TRANSIT CO.

### No. 14927.

Court of Civil Appeals of Texas.
Fort Worth.

March 12, 1948.

Rehearing Denied April 2, 1948.

See also 201 S.W.2d 869.

Frank Massey, of Fort Worth, for appellants.

Cantey, Hanger, McKnight & Johnson, W. D. Smith and Byron Scarbrough, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

This suit was brought to recover damages done to an automobile in a collision with a bus owned by defendant. Judgment was rendered in favor of defendant on the verdict of the jury. Plaintiffs have appealed, relying on six points of error.

The first point charges misconduct of one of the jurors. The only evidence bearing on the matter was the testimony of the plaintiff Swanson, offered at the hearing on the motion for new trial. Swanson's testimony was to the effect that after the evidence was in but before the case was argued to the jury, Swanson saw Willie Pearcy, the driver of defendant's bus, talking to one of the jurors at the elevator on the floor where the court room was located; that as Swanson walked up to the elevator Pearcy and Swanson spoke to each other; that when the elevator arrived the juror got on the elevator, but Pearcy hesitated, and did not get on the elevator; that Swanson did not get on the elevator; that both Swanson and Pearcy stood around a while, and later went down on the elevator, but not at the same time. Swanson told his attorney about the matter when the latter told Swanson over the telephone that the jury had returned a verdict in favor of the defendant.

A reversal was ordered in Gulf, C. & S. F. Ry. Co. v. Schroeder, Tex.Civ.App., 25 S.W. 306, 307, where the plaintiff and a juror were, to quote from the opinion, "discovered outside the court room, in the hall way, engaged in close, earnest, and solicitous and undertone conversation." In Oliphant v. Buie, Tex.Civ.App., 134 S.W.2d 751, writ dismissed, correct judgment, it was recited in affidavits accompanying the motion for new trial that one of the plaintiffs was seen in close conversation with one of the jurors in the hall adjoining the court room, and that the plaintiff put his arm around the juror and pulled him close to him and whispered something in his ear. The court declared that such misconduct would have warranted a reversal, but held that the ex parte affidavits did not constitute proof of the misconduct. In Anderson Bros. v. Parker Const. Co., Tex.Civ.App., 254 S.W. 642, 646, writ dismissed for want of jurisdiction, one of the jurors engaged in a brief conversation with the secretary of the defendant company. The secretary and the juror both testified that the case on trial was not mentioned in their conversation, and both testified as to what they did say

to each other. The court refused to reverse the case, saying:

"All courts should, we think, be careful to safeguard jury trials, and this court would not hesitate to reverse any judgment where the record might disclose that improper conduct between parties litigant or their counsel and jurors in the trial of a case had been engaged in during the trial. We cannot hold, however, that the mere showing that a juror in the trial of a case engaged in a brief conversation with a party to the suit, where there is no evidence of secrecy or that the conversation was even private, and it is affirmatively shown, without dispute, that the cause under consideration was in no manner mentioned or alluded to, ought to reverse a judgment of the trial court."

In annotation in 55 A.L.R. 750, and in another annotation in 86 A.L.R. 931, will be found citations of numerous cases dealing with the problem we have here.

Under Rule 327, Texas Rules of Civil Procedure, the burden is on appellant to show that injury probably resulted from the alleged misconduct of the juror. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259. The previous rule requiring reversal for jury misconduct where the court has a reasonable doubt as to whether the misconduct affected the verdict, no longer exists. Lackey v. Moffett, Tex.Civ.App., 172 S.W.2d 715. We have been cited to no case holding that reversible error is shown by mere proof that there was some conversation, of an undisclosed nature, between a juror and one of the parties during the trial. The point of error is overruled.

Appellants declare in their brief that the original petition, which is not in the transcript, contained a count in damages for loss of use of Swanson's car during the time it was being repaired. The claim for loss of use of the car was not included in the second amended petition upon which the case was tried. On cross-examination defendant asked Swanson if he had authorized his attorney to include such count for damages in the original petition. During the trial the parties stip-

ulated as to the amount of damages done to the car, and no issue on amount of damages was submitted to the jury. Appellants assert that such interrogation of Swanson was an unwarranted attempt to discredit plaintiffs' counsel in the eyes of the jury. "The extent to which the cross-examination of a witness may be carried, and the question of how often and how long counsel will be permitted to cross-examine upon a particular point, are to a large degree addressed to the discretion of the trial judge." 44 Tex.Jur. 1144. " * * * his ruling will not be disturbed if not arbitrarily and unreasonably made." Id., p. 1146. The matter complained of was not of such nature as was reasonably calculated to cause and probably did cause an improper judgment in the case. Rule 434.

■ The third point of error reads as follows:

"The error of the Court in overruling and not sustaining Motion for New Trial on account of the failure and refusal of the Court to allow Plaintiffs to introduce testimony in rebuttal of testimony introduced by Defendant's witnesses when the evidence offered by Plaintiffs was decisive and material and it was offered at a time when it would not have caused material delay or do any injustice and would promote justice."

There is no formal bill of exceptions in the record concerning the matter adverted to in the point of error. We have carefully examined the portion of the statement of facts containing the remarks of counsel and the court concerning the offer of further testimony by the plaintiff Swanson after the defendant had rested.

If we take the remarks of counsel shown in the statement of facts as a bill of exceptions and those of the judge as a qualification of the bill, the record reflects that prior to the time Swanson's testimony was offered in rebuttal there was an agreement by counsel in open court that plaintiff would offer no further testimony except with respect to a certain deposition, and that, relying on such agreement, defendant dismissed its witnesses. The remarks of the judge shown in the statement of facts were to the effect that he would hold counsel to the agreement. The matter of re-opening the case after the testimony is closed is largely addressed to the discretion of the trial judge, and we see no abuse of discretion under the facts disclosed by the record. 41 Tex.Jur. 894–898; Palmer v. Guaranty State Bank, Tex.Civ. App., 292 S.W. 953; Woods v. Bost, Tex. Civ.App., 26 S.W.2d 299, writ dismissed; and Mynatt v. Howard, Tex.Civ.App., 273 S.W. 276, support our views.

■ The fourth and fifth points of error complain of the definition of proximate cause, and also of the inclusion in the charge of a definition of new and independent cause, on the ground that the pleadings and evidence did not raise the issue of new and independent cause. The jury exonerated the defendant's bus driver of negligence on the four counts submitted in the charge. Consequently, the issues of proximate cause were not required to be answered, and in fact were not answered. Even if the court committed error in the respect complained of, a question we need not decide, it was immaterial.

■ Complaint is made under the sixth point with respect to the manner of submitting the defensive issue of sudden emergency. Since the bus driver was not convicted of any act of negligence, the manner of submitting the defensive issues became immaterial.

It might be added that the jury found that the accident was unavoidable, and that no complaint is made on appeal of the manner of submitting such issue nor of the sufficiency of the evidence to support such finding. · Also, the jury found that the conduct of a motorist who was not a party to the suit was the sole proximate cause of the collision, and no complaint is made on appeal with respect to such finding.

The judgment is affirmed.