Mrs. Dorothy MOSESMAN et vir, Appellants,

v.

J. W. ROBERTSON et al., Appellees.

No. 3462.

Court of Civil Appeals of Texas.

Waco.

April 4, 1957.

J. Manuel Hoppenstein, Marvin Lewis, Dallas, for appellants.

Jack E. Harris and Robert N. Reeves, Arlington, for appellees.

TIREY, Justice.

Plaintiffs brought this suit for rescission and damages growing out of a contract for sale of a cafe known as Paul's Welcome Inn located in Dallas, Texas, and grounded their action on fraud. At the conclusion of the evidence the trial court granted defendants' motion for instructed verdict. In the judgment we find this recital: " * * * and the plaintiffs having put on their testimony and rested their case, defendants did move the court to withdraw the case from the jury, and render judgment for said defendants; and the court, after hearing said motion, finds that in his opinion said motion is good and that plaintiffs should be denied all relief sought and that defendants should be dismissed with their costs, the court having withdrawn the case from the jury," and decreed accordingly.

Plaintiffs excepted to the action of the court and gave notice of appeal to the Dallas Court of Civil Appeals and duly perfected their appeal to that court, and the cause is here on transfer order of our Supreme Court.

Plaintiffs assail the judgment on what they designate as six points. They are substantially: (1, 2, 3 and 4) The court erred in failing to grant plaintiffs' motion for new trial because there was error in instructing a verdict against them and in favor of defendants for the reason that there was sufficient evidence to tender issues of fact for the jury's determination, and that there was competent and undisputed evidence to the effect that defendants made certain fraudulent misrepresentations and had prepared and submitted to them false books of accounts on which the plaintiffs relied and which induced plaintiffs to purchase the cafe in question, and because the undisputed evidence of record establishes the damages suffered by the plaintiffs; (5) because the court erred in refusing to grant plaintiffs' request to withdraw their announcement of rest in order that they might present further evidence on the issue of damages suffered by reason of the fraud of the defendants; and (6) the error of the court in overruling plaintiffs' motion for new trial because Mrs. Robertson, one of defendants' witnesses, purposely withheld testimony and gave perjured testimony on a material issue.

Plaintiffs went to trial on their original petition. It alleged substantially that prior to February 5, 1955, defendants were the owners and operators of a cafe known as Paul's Welcome Inn in Dallas County, Texas; that defendants offered such cafe for sale to them at a price of $9,600, free and clear of all debts and liabilities incurred from April 3, 1954, to February 5, 1955, and orally represented and warranted to plaintiffs that all tax liability in connection with the cafe had been paid; that there were outstanding meal tickets of only $20; that included in the equipment was a typewriter and deep freeze, and represented that the cafe was doing a minimum business of $250 to $300 in gross receipts (in fact, it was only grossing $90 to $100 per day) and was earning and had earned for the year ending December 31, 1954, over $10,000; that defendants exhibited books and records allegedly showing all receipts and disbursements from April 5, 1954, showing large daily gross receipts as represented and the net operating profit; that such representations were made to plaintiffs for the purpose of being relied upon and as an inducement to them to purchase the cafe at an agreed price of $9,600; that such representations made by defendants to them were untrue and were made with the express intention of being relied upon by plaintiffs; that plaintiffs did rely upon such representations and agreed to purchase the cafe at a price of $9,600, payable as follows: $1,000 cash, the transfer and assignment of a promissory note in the sum of $2,200, executed by Brice Williams, payable to plaintiff Dorothy Mosesman and secured by chattel mortgage, the assumption of an unpaid balance on a note secured by chattel mortgage, such note being in the sum of $4,800, which note was held by Empire State Bank. Plaintiffs executed their own note in the sum of $1,600, secured by a second lien on the cafe equipment.

Plaintiffs further alleged that there had been a total failure of consideration and in the alternative a partial failure of consideration; that the value of the cafe equipment was only $2,000 and that it had no good will; that plaintiffs seek to rescind and cancel the fraudulent sale and tender back to defendants the equipment purchased, and seek to recover from defendants the $1,000 cash paid and the return of the Brice Williams chattel mortgage and note in the sum of $2,200; and the cancellation of their second lien note in the principal sum of $1,600, and in the alternative plaintiffs allege that they have been damaged in the sum of $7,600, for all of which they sue. They prayed that Brice Williams be enjoined from paying the installments due on the $2,200 note to defendant Robertson, and that said sum be paid into the registry of the court. They also prayed that the defendant Robertson be restrained from attempting to collect the $1,600 second lien note pending final determination of the litigation, and they prayed that they have judgment cancelling, rescinding and setting aside the sale, and in the alternative that they recover their damages in the amount of $7,600.

Defendants went to trial on their original answer, which consists of only a general denial.

Plaintiff offered some nine witnesses, among them being defendant, J. W. Robertson and his wife, Betty Joan Robertson. The Statement of Facts contains in excess of 190 pages, including exhibits. Mrs. Mosesman, one of the plaintiffs, testified to the effect that in the purchase of the restaurant they assumed one note for $4,800, held by the Empire State Bank, which was secured by chattel mortgage on the property; that they gave defendants one note for $1,600, secured by second lien on the equipment, and that they transferred to the defendants the Brice Williams note payable to Mrs. Mosesman in the sum of $2,000, which note was secured by chattel mortgage on some restaurant property that they had formerly owned, and that they actually paid in cash to the defendants the sum of $1,250.

Mrs. Mosesman testified in part:

"Q. Mrs. Mosesman, you have already testified that the purchase price of the cafe was $9600.00. I wonder if you will go through how you made that consideration and whether you have any note at the present— A. It was $9600.00; $1226.00 cash, $4800.00 first lien note that the Empire State Bank is holding, that is the one I assumed, and then I had a $1600.00 second lien note, that I was to pay Mr. Robertson $50.00 a month; that made up the $9600.00—oh, I am sorry, I had a $2000.00 first lien note that I had gotten in exchange of the restaurant; that was included to Mr. Robertson in the $9600.00.

"Q. And this first lien note and second lien note, the $4800.00 and the $1600.00 at the Empire State Bank, was that on the fixtures? A. Yes, sir, it is.

"Q. Do you have those fixtures? A. No.

"Q. Who has that $2200.00 first lien note? A. Well, Mr. Robertson, I suppose.

"Q. In the operation of the cafe, can you state whether or not you operated the cafe at a profit? A. No.

"Q. Will you state whether or not you operated the cafe at a loss? A. Operated at a loss.

"Q. Can you state the amount of that loss? A. Well, I lost all the fixtures. I lost all the money I had in the bank. * * *

"A. I lost all the . fixtures, the $9600.00 fixtures, and I had some money in the bank. I put that in the cafe.

"Q. What was the amount of that money? A. Well, I had about $2000.-00.

"Q. And you put that in the cafe?' A. Yes, sir.

"Q. Did the cafe make a profit for any period of time from February 5, 1955 to June 20, 1955? A. No, sir. * * *

"Q. You lost all these fixtures— what was the value of all the equipment and fixtures? A. Well, I paid $9600.00.

"Q. Well, what was the value of them? You have lost restaurant equipment before—what was the value of them? . A. I thought they were worth $9600.00, I suppose. A restaurant is bought not all together by fixtures; sometimes you buy the amount of business it is doing.

"Q. Where is that $4800.00 worth of equipment that is in the bank? A. Well, the bank foreclosed on it.

"Q. The bank foreclosed? A. Well, I had to give it back to the bank; I couldn't pay for it."

Defendants' motion for instructed verdict alleged in part substantially: (1) There has been no evidence presented by plaintiffs as to the value of the property which is the subject matter of this law suit; (2) the two grounds alleged by plaintiffs for their rescission are based on fraud, and they ask for damages in the alternative. Therefore, without evidence to show the value of this property, the plaintiffs have failed to meet their burden of proof, or to prove up a case on which a verdict could be rendered in their behalf. We are in accord with these views.

The evidence is without dispute that Mr. and Mrs. Mosesman were experienced in the restaurant business and that they made some investigation of this cafe before they closed their deal with the defendants and there is no testimony tendered that the property was not of the value of $9,600, which was the total consideration,

but, on the contrary, Mrs. Mosesman said she thought it was of that value. If plaintiffs thought that the property was of the value of $9,600, which was the consideration, they are not entitled to any relief on their pleadings. Moreover, it is obvious that under the recitations made by Mrs. Mosesman of their operation of the property and the way the property was finally disposed of, that they were not in position, on the trial of this case, to ask for a rescission.

It is true that testimony was tendered to the effect that defendant Robertson represented to the plaintiffs that there were only $20 or $30 worth of meal tickets outstanding, and that when plaintiffs took over the property they found that there were more than this amount outstanding, and that they were forced to redeem $112 or more in meal tickets that were outstanding, and that there were others but they did not redeem them. The pleading fails to tender any issue for relief on this basis and they did not pray for any relief for the $112 that they expended in redeeming the meal tickets. We think it is obvious that if the property sold was worth $9,600, that the failure of plaintiffs to make a success in the operation of the cafe is not chargeable to the defendants and no issue is tendered by the pleadings or the evidence that would justify relief against defendants in this behalf.

■ We have given careful consideration to plaintiffs' request to the trial court to withdraw their announcement of rest in order that they might tender further testimony. As we understand the record, plaintiffs wholly failed to point out to the court the nature of the testimony that they desired to tender and, after considering the testimony that plaintiffs had previously tendered, and it further appearing that the court had been quite indulgent with them in adducing their testimony in chief, we see no error in this behalf. We find no bill of exception in the record stating plaintiffs' reasons for their request,

nor the nature of the testimony they proposed to tender and whether or not they had their witnesses there to tender such testimony. The matter of re-opening a case, after the testimony is closed, is largely addressed to the discretion of the trial judge and we see no abuse of discretion as disclosed by the facts in this record. See Swanson v. Forth Worth Transit Co., Tex. Civ.App., 209 S.W.2d 772, points 5–6, and cases there cited (no writ history); also Sinclair Houston Federal Credit Union v. Hendricks, Tex.Civ.App., 268 S.W.2d 290, at page 296, point 13 (Ref. N. R. E.). See also Rule 270, Texas Rules of Civil Procedure, and cases there collated.

■ In Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, at page 514, points 8 and 9 (writ ref.), we find this statement of the rule: "Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' "

■ Going back and considering all of the testimony in this cause, together with the specific testimony of the plaintiff, Mrs. Mosesman to the effect that she thought the property in the sale was worth $9,600, and that was the amount they paid, and there being no evidence tendered contrary to her views about the property, and her further testimony to the effect that they operated the property until they were forced to surrender the equipment in satisfaction of the debts outstanding against it, and there being no testimony tendered

contrary to the above facts, and since plaintiffs sought rescission, which the evidence shows they could not make, and in the alternative, damages to the extent of $7,600, and they said the property was worth $9,600, it seems to us that the court's conclusion that no issue was tendered to him to submit to the jury is consistent and harmonious with the undisputed record in this cause.

We have considered all of appellants' points of error and each is overruled, and the judgment of the trial court is in all things affirmed.