**WALTON NEON COMPANY, Inc.,**
**Appellant,**

v.

**TRAVEL–TEX CORPORATION et al.,**
**Appellees.**

**No. 716.**

Court of Civil Appeals of Texas,
Corpus Christi.

June 29, 1972.

Rehearing Denied July 31, 1972.

Porter, Taylor & Gonzalez, Rick Rogers, Corpus Christi, for appellant.

Jack P. Kelso, Corpus Christi, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial that plaintiff-appellant, Walton Neon Company, Inc., take nothing from the appellees Travel-Tex Corporation, Paul Kinstley, Jack Kelso and Robert T. Sullivan.

Appellant's single point of error asserts that "The trial court abused its discretion in denying Plaintiff's timely motion to re-open and put on additional evidence pursuant to Rule 270 of the Texas Rules of Civil Procedure." Appellant's motion to re-open was made while the jury was deliberating and after it had sent a note to the judge, all of which will be more fully hereafter discussed.

Appellant sued appellees on a lease contract dated February 23, 1970 which provided for the construction and maintenance of a sign by appellant to be erected and used at appellees' motel located at Aransas Pass, Texas. The primary term of the agreement was for five years. Appellees agreed to pay $135.05 per month for the use and maintenance of the sign. The agreement provided, among other things, that in event of default by lessees that they should be liable for 80% of the rental for each month of the unexpired term of the contract. Appellant alleged that appellees had breached the agreement and were liable for $5,726.12 and attorneys fees in the amount of $2,500.00, plus interest, all aggregating $8,913.53, plus interest and costs.

Defendants-appellees filed an answer in which they alleged in substance that the sign was erected in a place not agreed to by the parties; that the sign when erected could not be seen as was contemplated and agreed upon by the parties; that the sign was not erected to the height as agreed to by the parties; that because of these deficiencies the sign was practically useless to

appellees; that appellees refused to make payments and requested appellant to remove the sign; that appellant took no action and the sign was removed by appellees after it was severely damaged by Hurricane Celia in August 1970.

The motel in question was located at the intersection of three highways. Prior to the transaction herein involved some signs were on the motel premises but appellees desired a higher and larger sign which could be seen from all the approaching highways. A place for locating the new sign was originally agreed upon but it was later discovered that the location was on the highway right of way and a permit to install it there could not be obtained. There was a conflict in the evidence concerning the determination of a different location for the sign. No specific special issue was submitted to the jury on this phase of the case.

Appellant's evidence tended to show (particularly the testimony of Mr. Utah Hamilton and T. W. Anderson, appellant's employees) that the sign had ultimately been placed at a location designated by the manager of the motel, a Mrs. Jean Cox. Appellees' evidence tended to show that they or their motel manager had not specifically agreed to the location of the sign where it was ultimately erected.

In any event, the evidence established that appellant installed the sign at a location different from that originally agreed on and there was a dispute between the parties as to whether the sign at its final location could be seen by approaching motorists and whether it was useful for the purpose for which it was intended.

The trial court submitted two special issues to the jury. The second issue related to appellant's attorneys fees, was answered "None", and is not material to this appeal. Special Issue No. 1 and the jury answer read as follows:

"Do you find from a preponderance of the evidence that the sign in question, as

erected, failed to reasonably serve the purpose for which it was intended?

Answer 'It did fail' or 'It did not fail.'

Answer *It did fail*"

While the jury was deliberating the foreman sent a note to the trial judge reading as follows:

"There is a question as to whether Mr. Hamilton testified that the sign was actually placed in operation by the Travel-Tex Corporation. Would it be possible to review this portion of the testimony"

The parties agree in their briefs that the jury was returned to the court room and the court reporter read portions of the testimony of the witness Hamilton to the jury and the jury then retired for further deliberation; although such action is not actually shown by the record.

Appellant then orally made its motion to re-open and put on additional evidence. The transcript reflects the proceedings at that stage of the trial as follows:

"BY MR. ROGERS:

If it please the Court, today is November the 10th 1971, and the jury in the case of Walton Neon Company versus Travel-Tex Corporation, having been out all the morning of November the 10th, has returned a note to the Court requesting —a note that states as follows:

'The Jury disagrees as to whether Mr. Hamilton testified that he actually saw that the sign had been placed in operation subsequent to its installation by Walton Neon.'

And it's signed by Mr. Gearhart, the foreman.

Walton Neon Company, pursuant to Rule 270 of the Rules of Civil Procedure, requests the Court and at a time prior to a verdict being rendered in this case to re-open to put on additional evidence because of the jury's disagreement with regard to this particular point. It

apparently appears that the verdict of the jury depends on whether or not this sign was illuminated by the Defendant Travel-Tex, Jack Kelso, Paul Kinstley and Robert T. Sullivan, and there will be no—that it's necessary for the due administration of justice that this additional testimony be received. It is believed that the witness Mr. Kinstley, as well as a witness by the name of Johnson from Aransas Pass can testify that the sign was illuminated; thereby clarifying this matter for the jury and it is respectfully submitted, Porter, Taylor and Gonzalez.

We respectfully request that the Court allow the Plaintiffs in this case to reopen the testimony for this limited purpose of offering evidence that the sign was illuminated.

THE COURT: Request is considered and denied.

BY MR. PORTER:

In making this motion to re-open, the Plaintiffs do not waive the position that it's immaterial whether the sign was illuminated or not in that it's the contractural obligation as per Plaintiff's Exhibit 1 herein that it's the sole responsibility of Defendant to connect said sign to the electrical system and not the duty or responsibility of Plaintiff.

THE COURT: Okay. The request is considered, noted and denied."

Later on the same day the jury returned its verdict and answered Special Issue No. 1 "It did fail".

Appellant filed a motion for new trial in which it complained among other things of the refusal of the trial court to grant the motion to reopen and present additional evidence. Four affidavits were attached to the motion for new trial; three of these were by jurors who sat in the case and the fourth was made by Mr. Wardell Jorner.

The jurors' affidavits were in identical form and all to the effect that the jury was unable to agree whether the sign as installed had ever been illuminated by Travel-Tex Corporation; that the above-mentioned note was sent to the court; that after the testimony of Mr. Hamilton was read to the jury the same disagreement existed; that if there had been evidence that the sign had been illuminated or placed in operation by Travel-Tex Corporation, each of the three juror-affiants would have voted to answer special issue No. 1 "It did not fail."

The affidavit of Wardell Jorner stated in substance that Jorner had worked at a filling station across the street from the Travelers Motel; that prior to Hurricane Celia on August 3, 1970 he observed that a sign had been erected near to the entrance of the liquor store of the motel. He described the sign and said that he personally saw it illuminated and in operation at night; and that the sign was damaged by Hurricane Celia and has since been taken down.

None of the jurors or Mr. Jorner was called to testify on the hearing of appellant's motion for new trial. Neither was Mr. Kinstley or the witness Johnson (referred to in appellant's motion to re-open) called as witnesses in support of the motion for new trial. Appellant offered no evidence in support of its said motion but relied solely on the motion and affidavits hereinabove mentioned.

Rule 270, Texas Rules of Civil Procedure, provides as follows:

"At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. Provided in a jury case no evidence on a controversial matter shall be received after the verdict of the jury."

Under this rule it has been held that it is within the court's discretion to grant or refuse permission to re-open and put on additional evidence. See 56 Tex.Jur.2d, Trial, Secs. 118–121, pp. 464–470, and cases therein cited.

The difficulty with appellant's position in this case is that the showing required on motion to re-open and present additional evidence was not made. The record shows that counsel for appellant stated to the court in part that "It apparently appears that the verdict of the jury depends on whether or not this sign was illuminated by the Defendant, Travel-Tex, Jack Kelso, Paul Kinstley and Robert T. Sullivan and there will be no—that it's necessary for the due administration of justice that this additional testimony be received. It is believed that the witness Mr. Kinstley, as well as a witness by the name of Johnson from Aransas Pass can testify that the sign was illuminated; thereby clarifying this matter for the jury. . . ." The court immediately overruled appellant's request to re-open the testimony for the limited purpose of offering evidence that the sign was illuminated. At that point, appellant did not do anything further to preserve error in connection with the ruling of the trial judge. Although appellant states in its brief that the witness Kinstley was present in the court room, such fact is not shown by the record. But even assuming the accuracy of appellant's statement in such connection, it was then appellant's duty (if error was to be preserved) to offer to call Mr. Kinstley to the stand for the purpose of making a bill of exception. See Russell v. Russell, 443 S.W.2d 569 (Tex.Civ.App., El Paso, 1969, n. w. h.); Dorn v. Cartwright, 392 S.W.2d 181 (Tex. Civ.App., Dallas, 1965, wr. ref. n. r. e.); Rules 372, 373, T.R.C.P. Since that action was not taken by appellant, neither the trial court nor this Court can determine what Mr. Kinstley's testimony would have been, and the alleged error is not preserved for review. The same ruling applies to the witness Johnson, referred to by counsel for appellant. There is nothing in the record to show that he was available or that the court was requested to hear his testimony on bill of exception. Under the circumstances we cannot say that the trial court abused its discretion in denying appellant's motion to re-open and present additional evidence. See McRoy v. Riverlake Country Club, Inc., 426 S.W.2d 299, 305 (Tex. Civ.App., Dallas, 1968, wr.ref. n. r. e.); Burris v. Wilson, 363 S.W.2d 885 (Tex. Civ.App., Amarillo, 1962, n. w. h.); Mossesman v. Robertson, 301 S.W.2d 279, 283 (Tex.Civ.App., Waco, 1957, n. w. h.); 56 Tex.Jur.2d, Trial, Sections 118–123, pp. 464–471.

The affidavits attached to appellant's motion for new trial did not add anything in support of appellant's claim of prejudicial error, particularly since evidence was not actually offered in support of the motion or affidavits.

Appellant's point of error is overruled.

The judgment of the trial court is affirmed.