Judy Marie **ISENBERG**, Appellant,

v.

Joe Alan **ISENBERG**, Appellee.

No. 15282.

Court of Civil Appeals of Texas,
San Antonio.

May 15, 1974.

James E. Coate, Alvin, for appellant.

John R. Banister, III, Kerrville, for appellee.

CADENA, Justice.

This is a divorce suit in which appellant, Judy Marie Isenberg, complains only of the failure of the trial court to make any disposition of real property which she complains constituted a part of the community estate owned by her and her husband, Joe Alan Isenberg, appellee, at the time of the dissolution of the marriage, and of the trial court's refusal to allow her to reopen the case and and present additional testimony concerning the character of such real property.

The suit was originally filed by appellee, Joe Alan Isenberg. Appellant filed a cross-action. At the conclusion of the testimony, the trial court orally announced that it was granting Mrs. Isenberg a divorce, awarding her custody of the children, and requiring Mr. Isenberg to pay, as child support, the sum of $160.00 per month. This oral statement of the court's decision made no mention of the disposition of any property, real or personal.

Five months later, Mrs. Isenberg filed two motions for leave to reopen the case in order to present evidence concerning the character of the real estate in question; "that a proper interval of time be allowed for the filing of additional pleadings, for discovery and accounting matters"; and that on final hearing the property in question be declared the community property of the parties and be set aside for the use and benefit of appellant until the youngest child of the marriage "shall reach the age of eighteen (18) years."

The court subsequently signed a judgment granting appellant a divorce; awarding custody of the children to appellant; ordering appellee to make periodic child support payments; and disposing of the personal property. The judgment expressly recited that the court made "no finding precluding [appellant] from claiming any real property."

■ In her brief, appellant concedes that a reading of the statement of facts "reveals that the Court was not furnished with sufficient evidence whereby the Court could intelligently determine the exact nature and ownership of the subject real estate . . . .." Under these circumstances, the court clearly was in no position to make the division of the estate of the parties contemplated by Vernon's Texas Codes Ann., Family Code, Section 3.63, and the trial court, therefore, carefully worded its judgment to reflect that the judgment was not intended to adjudicate any claims to real property.

■ Rule 270, Texas Rules of Civil Procedure, vests in the trial court the discretion to allow the reception of additional evidence "at any time" where it appears to be necessary to the due administration of justice. The exercise of such discretion will not be disturbed on appeal unless the record discloses an abuse of such discretion. 3 McDonald, Texas Civil Practice, Section 11.24, p. 224 (1970 rev.). The evidence in this case establishes that the record title to the property was in the parents of appellee. In order to make a definitive adjudication concerning title to the land, it would have been necessary to make appellee's parents parties to the suit. Under these circumstances, it cannot be said that the court abused its discretion in refusing to reopen the case. The divorce decree does not purport to dispose of appellant's claim, and it, therefore, presents no obstacle to subsequent determination of that issue in an action in which all parties appearing to have an interest in the land are joined. 3 Speer's, Marital Rights in Texas, Section 889, pp. 329–30 (4th ed. 1961).

■ Further, appellant's motion does not inform the court as to the additional evidence to be offered, nor does it furnish any basis for determining whether such additional evidence is admissible and material to the controverted issues. Nor is there a bill of exception showing the nature of such evidence. In the absence of such showing, there is no basis for holding that

the trial court abused its discretion in refusing appellant an opportunity to introduce additional evidence. Walton Neon Co. v. Travel-Tex Corp., 482 S.W.2d 934 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.); Moseman v. Robertson, 301 S.W.2d 279 (Tex.Civ.App.—Waco 1957, no writ).

As already pointed out, appellant's motion to reopen the case was not made until some five months after the close of the testimony. The motion contained no allegations tending to excuse either the failure of appellant to be prepared to offer such evidence at the divorce hearing or the long delay in seeking an opportunity to introduce additional evidence. In considering such a motion, the court may properly consider the unexplained lack of diligence of the movant. 3 McDonald, op. cit., Section 11.24, p. 225.

The judgment of the trial court is affirmed.