## McLELLAN STORES CO. v. LINDSEY.

### No. 2201.

Court of Civil Appeals of Texas. Eastland.
Nov. 28, 1941.

Rehearing Denied Jan. 9, 1942.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, and McMahon, Springer & Smart, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

FUNDERBURK, Justice.

L. W. Lindsey brought this suit against McLellan Stores Company, a corporation, to recover damages for personal injuries received by Plaintiff's wife as the result of a fall she received while shopping in Defendant's store. Plaintiff, among other things, alleged that while his wife was walking inside the store "she stepped into what later appeared to be a pool of oil or wax, or some slippery substance on the floor, which the Defendant had been using in cleaning said floor, and that she slipped and fell as a result of stepping in said oil, wax or other slick substance * * * that prior to the time Plaintiff's wife fell she did not know that said slippery substance was on the floor, but the Defendant knew said fact * * * that the Defendant should have known by the exercise of ordinary care that said substance was slippery and was on the floor and would cause an invitee such as Plaintiff's wife to slip and fall."

Three purportedly separate acts and omissions (two acts and one omission) were alleged as negligence, namely:

"(1) In applying such quantity of oil, wax or other slippery substance to the floor as to make the same slick.

"(2) In permitting the said slippery substance to remain on the floor in such quantity as to make the floor slick to walk on.

"(3) In failing to provide Plaintiff's wife with a safe place to walk."

By parts of the special verdict, material to the questions to be discussed, it was found: (a) That "Defendant's floor had oil on it at the time and place where Plaintiff's wife fell, if she did fall." (b) That "the presence of oil on Defendant's floor * * * was there because of the negligence, if any, on the part of the Defendant or its employees." (c) [Upon condition that the jury had answered that the Defendant was negligent in permitting oil on the floor of the aisle where Plaintiff's wife walked] "that such negligence was the direct and proximate cause of Plaintiff's wife's injuries."

Based upon the verdict, including a finding of damages in the sum of $420, judgment was rendered for the Plaintiff from which Defendant has appealed.

Appellant will be referred to as "Defendant", and Appellee as "Plaintiff", the same as in the trial court.

■ Defendant, in effect, contends that there was no evidence to show that it owned or operated or was in any wise connected with, the store in which Mrs. Lindsey fell. Its general denial had the effect, of course, of joining issue upon such fact alleged by the Plaintiff; and cast the burden of establishing such fact upon the Plaintiff. It cannot be denied that the evidence, if any, was very meager. The evidence was to the extent and effect that the transaction occurred in "the McLellan Store." In connection with Mrs. Lindsey's testimony, the court without objection stated to the jurors that "as you know, the McLellan Store is located in Abilene, Texas", and admonished them not to "go in here for the purpose of ascertaining anything about the testimony." While allegations in pleadings, not in the nature of admissions, constitute no evidence of the truth of such allegations, yet we think the pleadings may be effective in giving rise to, or definition of, certain implications from the evidence. From the testimony to the effect that Mrs. Lindsey fell while shopping in "the McLellan Store" we think it was implied that the McLellan Store was the McLellan Store alleged in Plaintiff's petition which presented the issue concerning which the testimony was admitted.

■ Special issue No. 5 was as follows: "From a preponderance of the evidence, do you find that the presence of oil on Defendant's floor, if you have so found, was there because of the negligence, if any, on the part of the Defendant or its employees, as that term has been defined herein?" Such statement of the issue was objected to for a number of reasons, among them, that "there is no inquiry made of the jury, or finding asked of the jury, as to what act, if any, of this Defendant constituted negligence on the occasion in question."

The objection to which the issue was most certainly susceptible but not made, or, at least not made clearly, was that the finding called for was not a finding of negligence or no negligence, but whether the presence of oil on the floor was the *result* of negligence; the negligence being assumed and not necessarily limited to any act or omission pleaded as negligence. The issue no more called for a finding of negligence than it called for a finding of the presence of oil on the floor. It assumed both. It assumed the presence of oil on the floor as expressed by the clause "if you have so found." It assumed negligence as expressed by the phrase "if any." The answer of the jury to the question necessarily means the same as if it were (in terms of the question and answer) pharaphrased thus: Yes. We find from a preponderance of the evidence that the presence of oil on the Defendant's floor (as in answer to another issue we found) was there because of the negligence, if there was any negligence, on the part of Defendant or its employees as that term has been defined herein. There is this difference between the two things assumed: the assumption in this issue of the presence of oil on the floor was found as a fact in answer to another question; while the assumption of negligence was not found as a fact in answer to any other question.

■ But it is clear, we think, that the parties and the court considered the question as a submission of an issue of negligence. Defendant so considered it as shown by some of the objections made to it. That the court so considered it is clearly shown by the first clause of the next issue, as follows: *"If you have answered that the Defendant was negligent in permitting oil on the floor of the aisle where the plaintiff's wife was walking,* then do you find from a preponderance of the evi-

dence that such negligence was the direct and proximate cause of the Plaintiff's wife's injuries?" (Italics ours)

We are here confronted with the question of whether there is presented an instance of an entire omission to submit an essential issue involving all the difficulties presented by the comparatively recent case of Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, and the even more recent case of Texas Employers Ins. Ass'n v. Miller, Tex.Com.App., 154 S.W.2d 450; or, since the parties and the court construed the issue as an attempted submission, should we treat it as such and examine the objections as if it were such? Under the circumstances it appeals to us that we should adopt the latter course.

■ Considering the question as an attempted submission of an issue of negligence it was, we think, clearly subject to the objection stated, namely: That "there is [thereby] no inquiry made of the jury or finding asked of the jury as to what act, if any, of the Defendant constituted negligence." Let us suppose that the jurors were of the opinion that it was dangerous to use oil in any amount as a floor cleaner, and that it was negligence to do so. Their answer to the issue would have been just the same as it was. On the other hand, suppose the jurors did not think it was negligence to use floor oil, but that it was dangerous to leave it upon the floor in excess amount and that that was negligence; it is plainly to be seen that they would have made the same answer they did make. It was the undoubted right, we think, of the Defendant, if it was to be adjudged liable for negligence, that such negligence be found by the jury to be an act or omission alleged as negligence.

■ It is assigned as error that the court erred in refusing Defendant's requested special issue on the subject of unavoidable accident. The requested issue was in approved form. Negligent acts and/or omissions of both Defendant and Plaintiff were alleged as proximate causes of the accident. There was no negligence, per se, charged by either party against the other. No issue of negligence or proximate cause on the part of either party was conclusively established by the evidence. Had the jury found that no act or omission of either Plaintiff or Defendant alleged to be negligence was negligence, or was a proximate cause of the injuries, such finding, we think, would have been secure against any attack that it was contrary to or not supported by evidence.

As applicable to these circumstances in the absence of *affirmative* evidence of a cause of the injuries other than the negligence of either of the parties, there is a difference of view among the members of this court as to whether the issue of unavoidable accident is raised by the evidence. The writer's individual views upon this subject are expressed in a footnote to Independent Eastern Torpedo Co. v. Carter, Tex.Civ.App., 131 S.W.2d 125. But in the instant case there was evidence, voluntarily given by Mrs. Lindsey in stating how she happened to fall, that she was wearing high heel shoes which, as elicited by other questions, were about 1½ inches high. It was her first trip out of the house after confinement in childbirth. On the same afternoon she had a very similar accident in a store across the street. Neither Mrs. Lindsey nor her sisters, who were the only witnesses, although they had been in the store for sometime, noticed any oil on the floor until after the accident. Under these circumstances it seems to us that the jury would have been warranted in concluding that the high heel shoes and weakened muscles from recent disuse might well account for her slipping and falling, in the absence of any negligence on the part of herself or of the Defendant. It is, therefore, our conclusion that even if there must be *affirmative* evidence of some cause of an injury other than that of the negligence of either of the parties, to constitute an unavoidable accident, there was such evidence and that the court erred in refusing the request of the Defendant to submit said issue.

Although a very close question is involved, it is our opinion that the evidence did not raise issues of contributory negligence on the part of Mrs. Lindsey in wearing high heel shoes, or in failing to keep a proper lookout, and that the court did not err in refusing the request to submit said issues.

For the reasons stated it is our conclusion that the judgment of the trial court should be reversed and the cause remanded, which is accordingly so ordered.