**MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Appellant,**

v.

**O. L. HAMILTON, Appellee.**

No. 4025.

Court of Civil Appeals of Texas.

Eastland.

March 18, 1966.

Rehearing Denied April 15, 1966.

Coleman Gay, Austin, Holloway & Slagle, Brownwood, for appellant.

Tom H. Davis, Austin, George Day, Brownwood, for appellee.

WALTER, Justice.

O. L. Hamilton recovered a judgment against Mountain States Mutual Casualty Company for total permanent disability benefits under the workmen's compensation law.

The company has appealed. It contends the court erred in excluding the testimony of Dr. Terrell that Hamilton's test for syphilis was positive at the time he was treated after his injury and that in his opinion such disease and conditions which he had at the time of his accident were responsible for his incapacity to work, without regard to any injury he received.

The company filed a general denial. The company did not plead that syphilis was the sole cause of Hamilton's disability. It contends that syphilis was one of the diseases and conditions that caused disability. The company says: "The material question in this case was the extent and duration of any disability which appellee sustained as a result of his injury. It was stipulated that he had received an injury on the job. Starting with that premise, such injury may have been trivial, it may have been serious. It may have incapacitated him not at all or for a few days; it may have caused permanent disability."

Dr. Ross testified substantially as follows: I live in Austin and I am an orthopedic surgeon. I saw the plaintiff O. L. Hamilton in my office on August 25, 1964. I conducted a routine orthopedic examination for a spine injury. My diagnosis was acute and chronic lumbar strain and degenerative lumbar disk injury. I advised him to obtain a high yoke corset and I prescribed some pain medicine and instructed him to do some exercises and advised him to be extremely cautious in his activities. In my opinion the injury which Mr. Hamilton received was a producing cause of his condition. In my opinion this is a permanent condition. I doubt that he will get any better.

The insurance company admitted that plaintiff's employer directed him to report to Dr. Terrell for examination and treatment; that Dr. Terrell examined and treated Hamilton for the insurance company; that appellant has not paid appellee any compensation; that since May 29, 1964, appellant has not furnished appellee with medical or hospital care. The parties stipulated that while Hamilton was an employee of Fulfer on a construction job in Brown County on or about May 9, 1964, he reported to his foreman that a few minutes prior thereto he had hurt his back while attempting to lift a shaft of a head pulley; that with his foreman's permission he was driven by another employee to a doctor in Stephenville; that if Hamilton's foreman were present he would testify that he did his work all right, was a good worker and had no apparent disability.

The appellee O. L. Hamilton testified substantially as follows: I am fifty-two years of age and am living with my parents at Stephenville. I have a high school education. I have worked for the fire department, been a painter and done some police work. I was a maintenance man on some rock crushing equipment where I sustained a back injury. I was trying to lift a head pulley off of a conveyer belt at the time I was injured. Don Siegel was working with me at the time. When I tried to lift the pulley, something popped in my back and I couldn't get up. Don helped get me on my feet and laid me down in Pennington's pickup. They took me to Dr. Terrell at Stephenville. He x-rayed me and put me in traction. After I left the hospital I returned to the hospital every day for about two weeks for heat treatment. I then returned to the hospital for about a week. I then went to Austin and talked to my brother who is Chief of Police at the University and he advised me to see Dr. Ross. I also went to the V. A. Hospital and they made a brace for my back. My back is rather painful and I don't see any improvement. When I lie down and stretch out the pain eases up some. If I am on my feet

too much or set up too much, its very painful. I wear my back brace all the time except at night. I have tried to get along without my brace but it is very painful. I have pain in the lower part of my back and up and down my spine. One of my legs is very numb all the time. I take pills for the pain. I have tried to do some yard work but my back bothers me and I have to quit.

In the course of Dr. Terrell's voir dire examination he concluded that Hamilton's incapacity to work was due to syphilis, or positive serology, emphysema, arthritis and bad teeth and not the result of his injury. Dr. Terrell's testimony was the same before the jury, except he left out syphilis.

We have concluded that the court erred in refusing to admit Dr. Terrell's testimony that in his opinion Hamilton's positive serology was one of the conditions which contributed to his disability. This testimony was offered after the doctor had testified that in his opinion Hamilton had no disability resulting from an accident.

■ By the express terms of Rule 92, Texas Rules of Civil Procedure, a general denial puts in issue all matters pleaded by the adverse party which are not required to be denied under oath. Thus the defensive plea of general denial is sufficient in law to raise issues of fact with respect to every matter essential to plaintiff's recovery, save only those matters required to be denied under oath, and puts the burden on the plaintiff to prove all such matters.

In W. L. Moody & Co. v. Rowland, 100 Tex. 363, 99 S.W. 1112, the Supreme Court said:

"The defendant may, by a general denial, put the plaintiff upon proof of the facts alleged in the petition, and, under such general denial, the defendant would be entitled to introduce evidence which tended to disprove the facts alleged in the plaintiff's petition, and to rebut evidence offered by the plaintiff. If a defendant desires to introduce evidence of a fact which does not tend to rebut the facts of the plaintiff's case, but which show an independent reason why the plaintiff should not recover upon the case stated and proved, then such defendant must plead the facts which will avoid the legal consequence of plaintiff's case, else the testimony will not be admissible, and a judgment rendered upon such evidence, admitted under a general denial, will not be sustained."

■ One of the matters pleaded by Hamilton was that his injury was a producing cause of his total incapacity. The company introduced Dr. Terrell's testimony for the purpose of disproving and rebutting the evidence which Hamilton had introduced in support of his pleadings. This evidence was admissible under a general denial. One of the objections made by appellee was that "it would not be material on any issue that the jury will have to decide." In Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, the court said:

"As a general rule, any evidence is relevant and material if it tends to prove, or disprove, any material fact involved in the issue or the question being tried. This rule also embraces evidence which throws light on the transaction itself. 17 Tex.Jur., p. 338, § 106, and authorities there cited."

Dr. Terrell's testimony was relevant and material and admissible under a general denial. We have concluded, however, that such error was harmless. On his voir dire examination Dr. Terrell testified, in effect, that positive serology might contribute to a disabling condition. On cross examination he testified, in effect, that he was unable to find that any of Hamilton's complaints were referable to positive serology. The doctor was permitted to testify before the jury that in his opinion bad teeth, emphysema and arthritis were the causes of Hamilton's incapacity and that he had fully recovered from his back injury. Under these conditions, the failure to admit this testimony about syphilis did not amount to such a denial of appellant's rights as was

reasonably calculated to cause and probably did cause rendition of an improper judgment. Rule 434, T.R.C.P.

The evidence outlined and other facts and circumstances in evidence support the answers of the jury that Hamilton's total incapacity was permanent and that hardship would result unless appellee's compensation was paid in a lump sum.

█ We have considered all the evidence and have concluded that the answers to issues five and twelve, that Hamilton's total incapacity will be permanent and that manifest hardship will result unless appellee's compensation is paid in a lump sum are not against the preponderance of the evidence. In Re King's Estate, 150 Tex. 662, 244 S.W. 2d 660.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.