George A. McROY, Appellant,

v.

RIVERLAKE COUNTRY CLUB, INC.,
Appellee.

No. 17009.

Court of Civil Appeals of Texas.

Dallas.

Feb. 16, 1968.

Rehearing Denied April 5, 1968.

William A. Barber, Jr., of Wright & Barber, Grand Prairie, for appellant.

William D. Mount, William W. Looney, G. H. Kelsoe, Jr., Dallas, for appellee.

DIXON, Chief Justice.

Appellant George A. McRoy brought suit against appellee Riverlake Country Club, Inc., seeking damages for personal injuries alleged to have been caused by the negligence of appellee. A motion for instructed verdict was sustained by the trial court after appellant, plaintiff in the trial court, had rested. Appellee had not presented any direct evidence. Appellee will hereinafter be referred to as Riverlake Club.

Appellant was a member of Riverlake Club. About the middle of April 1963 he and a friend, who was appellant's guest, were playing golf. Both of them were riding in a golf cart, which was being operated by the friend. The friend had driven his golf ball into what is known as the rough when the players were approach-

ing the 18th green on the Riverlake Club course. While they were looking for the ball the axle of the cart caught against a tree stump, which appellant claims was obscured by grass. The cart came to a sudden stop when its axle failed to clear the stump. Appellant says he was thrown from the cart, sustaining serious injuries.

The substance of appellant's first point of error is that it was error for the court to sustain appellee's motion for instructed verdict since there were fact issues raised by the pleadings and evidence.

In determining the propriety of the instructed verdict it is necessary for us to examine the evidence carefully; and in doing so to bear in mind the rules which must guide us to our conclusion. We are required to view the evidence in the light most favorable to the losing party. Any inference which properly may be drawn from the evidence must be indulged against the granting of the motion. Conflicts, if any, in the testimony are to be disregarded. If the record reflects any testimony of probative force, either direct or circumstantial, in favor of the party against whom the verdict was instructed, we must hold the instruction to have been improper. Testimony adverse to the losing party will be disregarded. Robertson v. Centennial Properties of Austin, 392 S.W.2d 577 (Tex.Civ. App., Austin 1965, writ ref'd n. r. e.); Air Conditioning, Inc. et al v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422, 425 (1952); White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943); Anglin v. Cisco Mortgage Loan Co., 135 Tex. 188, 141 S.W.2d 935 (1940); McLellan Stores Co. v. Lindsey, 157 S.W.2d 1013 (Tex.Civ.App., Eastland 1941, writ ref'd w. o .m.); Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725 (1930).

It should also be borne in mind that since we are considering an instructed verdict, the "no evidence" rule applies. We are not concerned with the question whether the evidence was "sufficient" to sustain a jury verdict had the case been submitted to the jury. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); Calvert, " 'No Evidence' or 'Insufficient Evidence' Points of Error", 38 Tex.L.Rev. 361.

Applying the above rules, we have concluded that the granting of the motion for instructed verdict was error and the cause should be reversed and remanded for another trial. In its motion Riverlake Club named eight grounds in support of its motion. We shall briefly discuss each of the grounds.

1. Appellee says that appellant failed to show that he was injured on April 25, 1963. Appellant's pleadings alleged that he was injured *on or about* April 25, 1963. Dr. Loiselle, who treated appellant soon after the accident, testified that the history given him by appellant was that the accident occurred April 18, 1963. Appellant, who testified four years after the accident, stated that to the best of his recollection the accident occurred about the middle of April—that Dr. Loiselle's history was probably correct. Appellant asked leave to amend his pleadings, but this was refused by the trial court. The first ground alleged by appellee is without merit.

2. Appellee says that appellant failed to show that Riverlake Country Club breached any duty it owed to appellant. This ground is also without merit. The necessary elements of the "no duty" doctrine are set out by our Supreme Court in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963). In the instant case appellant testified that grass "obscured" the stump. Though he did testify that "the stump was there, and it looked like the cart would go over it", he also testified that "I didn't testify I seen the stump. If I did, it was too late to suggest anything. I was looking for a golf ball, not stumps." The witness Bezner, the owner and operator of a golf course, who was familiar with the Riverlake Club course, testified that stumps should not be on a golf course, "or a mark put up, or a fence put around it, or some-

thing. * * * so * * * a cart won't hit it." The evidence in regard to the no duty doctrine is not conclusive in favor of appellee. It is not such that no other verdict should be rendered than an instructed verdict. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W. 2d 422, 425 (1952).

■ 3. Appellee says that appellant was guilty of contributory negligence as a matter of law. We cannot agree. Appellant in effect testified that if he saw the stump before the collision it was not in time to suggest anything to the person driving the cart. We shall not extend this opinion by detailing more of the evidence on this question.

■ 4. Appellee further alleges that appellant failed to prove ownership by appellee of the cart, or of the golf course. The test is not necessarily ownership. The test is whether Riverlake Club had control of the premises where the stump was located. Appellant, a member of the club, had played the course many times. He testified that the cart was, in the course though it was in the rough and that he was hurt on the 18th hole. Appellant and his guest were playing the 18th hole when the cart hit the stump. Appellee's attorney tried unsuccessfully to make appellant admit that he saw signs put out by Riverlake Club warning its members not to operate a cart in the rough. The circumstances indicate that Riverlake Club had control of the golf course, which included the rough. We think the pleadings and the evidence plainly show that the case was tried on the theory that Riverlake Club had control of the area in question. McLellan Stores Co. v. Lindsey, 157 S.W.2d 1013 (Tex.Civ.App., Eastland 1941, writ ref'd w. o. m.).

■ However, we cannot agree with appellant when he asserts that in affirmatively pleading assumed risk appellee judicially admitted its possession and control of the premises in question. Appellee pleaded that "*defendant club* has posted on

and about *its premises* warning signs advising golfers not to operate golf carts *in the rough*," which signs "were readily visible * * * to the sight of plaintiff herein, * * *." (Emphasis ours.) In an earlier paragraph appellee had pleaded a general denial. This put the burden on appellant to present evidence in support of all allegations necessary to support his cause of action except where denial under oath is required. An affirmative defensive pleading following a general denial is not a judicial admission. Mountain States Mutual Casualty Co. v. Hamilton, 401 S.W.2d 303, 305 (Tex.Civ.App., Eastland 1966, no writ); Straffus v. Barclay, 147 Tex. 600, 219 S.W. 2d 65 (1949); Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656 (1943); Rule 92, Texas Rules of Civil Procedure.

■ 5. Appellee alleges in its motion that the record shows that the cart was registered in the name of appellant or of his guest or of both, which makes each of them liable for the negligence of the other. The evidence is inconclusive on the question. Anyway, we do not consider the matter decisive in determining the propriety of the instructed verdict.

■ 6. Next appellee alleges in its motion that the rules, regulations and by-laws of the Riverlake Country Club forbade the operating of a golf cart in the rough and that appellant saw signs warning golfers not to do so. The rules, regulations and by-laws were not introduced in evidence. On cross-examination appellee unsuccessfully sought to elicit testimony from appellant that the regulations so provided and that he knew of and saw such signs.

■ 7. Appellee in its motion contends that the only testimony of causal connection between appellant's injury and the cart's striking the stump is the history given by appellant to Dr. Loiselle. We do not agree. Appellant testified that upon landing on the ground after being thrown from the cart he experienced pain in his back. He had never

had pain in his back before the accident. This pain persisted until he finally went to Dr. Loiselle several days after the accident. A long continued treatment by Dr. Loiselle ensued, lasting up to the time of the trial. The treatment included two major operations. It is true that Dr. Loiselle testified that appellant had a congenital condition in his back, but that such condition is often aggravated by an injury as indicated in this case by appellant's testimony that he had never experienced pain in his back prior to the accident.

8. Appellee further alleges in his motion that appellant admits he did not keep a proper lookout, did not protest the operation of the cart in the rough, or ask permission to get off the cart. Appellant did not admit he failed to keep a proper lookout. He testified that if he saw the stump at all before the accident it was not in time to suggest anything to the person operating the cart.

The court, apparently on its own motion, seems to have based its decision on still another ground. Pointing out that the defendant is a corporate defendant, the court stated that the testimony did not show any connection between said corporate defendant and the accident.* It is true that throughout the trial the witnesses referred to the defendant as "Riverlake Country Club." They did not call defendant by its full corporate name: "Riverlake Country Club, Inc." But in appellant's petition it was Riverlake Country Club, Inc. who was named as defendant, who was served with citation and who filed its written answer.

Appellant's attorney himself referred to the party served with citation by the sheriff merely as "Riverlake Country Club." It seems obvious that the "Riverlake Country Club" mentioned by the witnesses must be identified with the corporate defendant who was designated in appellant's petition, who was served with citation and who filed its written answer. See McLellan Stores Co. v. Lindsey, 157 S.W.2d 1013 (Tex.Civ.App., Eastland 1941, writ ref'd w. o. m.).

Appellant's first point of error is sustained.

In his second point on appeal appellant contends that the court erred in failing to allow him to reopen the testimony after he had rested his case. The court, in sustaining appellee's motion for directed verdict, had stated that there was no connection shown between the corporate defendant and the premises where the plaintiff was injured. The following proceedings then took place:

"MR. BARBER: Your Honor, could I move the Court to ask the Court for Plaintiff to re-open—

"THE COURT: I've already announced my decision, sir. You had— Before I announced my decision, and told you the basis on it, that was one thing, but once I announced it—I'm sorry, but under the Rules, we can't backtrack."

We think that the court was mistaken in holding that "under the rules we can't backtrack." The reason given by the court was that his decision to sustain the motion

---

* The court's statement was as follows:
  "THE COURT: The Defendant's motion for instructed verdict is sustained, and the case will be taken away from the Jury in view of there being no fact issues to be submitted to the Jury, and judgment will be entered for the Defendant.
  "MR. BARBER: Would you note Plaintiff's exception—
  "THE COURT: Yes, sir.
  "MR. BARBER:—and notice of appeal?

"THE COURT: Plaintiff excepts.
  "There is absolutely no indication or anything in this record of the ownership or control of the particular terrain or part of which the Plaintiff has complained. The Defendant is a *corporate Defendant*, and I've been watching the evidence very closely. There's no connection at all—nothing in the evidence. Therefore, there's nothing to connect this *corporate Defendant* with what transpired out there, insofar as this record is concerned." (Emphasis ours.)

for instructed verdict had already been announced. Rule 270, T.R.C.P., plainly provides that the court may permit additional evidence to be offered where it clearly appears to be necessary to due administration of justice—provided no evidence on a controversial issue should be received "after the verdict of the jury." In this case the verdict of the jury had not been received.

It is well established that ordinarily the question of reopening a case for the reception of additional evidence is discretionary. But it is also well established that the discretion is to be liberally exercised. There are circumstances when a refusal to allow a reopening is an abuse of discretion. The refusal then constitutes prejudicial error. Hill v. Melton, 311 S.W.2d 496, 500 (Tex.Civ.App., Dallas 1958, writ dism'd); State v. Parkey, 295 S.W.2d 457, 462 (Tex. Civ.App., Waco 1956, writ ref'd n. r. e.); Stroud v. Temple Lumber Co., 284 S.W.2d 909, 913 (Tex.Civ.App., Beaumont 1955, writ ref'd n. r. e.); Ledbetter v. Martinez, 12 S.W.2d 1042 (Tex.Civ.App., Austin 1929, no writ).

However, in this case we cannot reach the question whether there was an abuse of discretion in the court's refusal. Appellant did not make the showing required on motion to reopen. He did not show or offer to show by bill of exception, or otherwise, who would testify, or that the witness was available, or what his testimony would be. Mosesman v. Robertson, 301 S.W.2d 279, 283 (Tex.Civ.App., Waco 1957, no writ); Stroud v. Jones, 295 S.W.2d 491, 497 (Tex.Civ.App., Beaumont 1956, writ ref'd n. r. e.); 56 Tex.Jur.2d 468. Appellant's second point of error is overruled.

In his third point appellant complains of the court's refusal to admit an aerial photograph into evidence. Appel-

lant testified that the photograph accurately depicted the manner in which hole No. 18 at Riverlake Club was laid out on the date appellant was injured. Appellant was familiar with the scene depicted, being a member of the club and having played the golf course many times. Objection was made by appellee that the picture had not been properly identified. The court himself then asked appellant if he had been present when the photograph was made and whether appellant had "ever viewed it from this angle." After the witness had answered both questions in the negative the objection was sustained.

We think it was error to exclude the picture on the grounds stated by the court. For a photograph to be admissible it is not necessary that the verifying witness be the photographer, or that he have any knowledge concerning the taking of the picture, or that he have occupied the same position occupied by the photographer when the picture was taken. It is only necessary that the witness know the scene and testify that the picture correctly represents the facts. Vardilos v. Reid, 320 S.W.2d 419, 423 (Tex.Civ.App., Houston 1959, no writ); Dofner v. Branard, 236 S.W.2d 544 (Tex. Civ.App., San Antonio 1951, writ ref'd n. r. e.); McCormick and Ray, "Texas Law of Evidence" (2d Ed.), Section 1465.

Having sustained appellant's first point of error we have concluded that the judgment in this case should be reversed. Therefore we deem it unnecessary to discuss the question of the relevancy of the excluded photograph, or to pass on appellant's third point of error, especially since this situation probably will not recur in another trial of the case.

The judgment of the trial court is reversed and the cause remanded for another trial.