The STATE of Texas, Appellant,

v.

Mary Ellen TIGNER, a Widow, Appellee.

No. A14–91–00553–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 2, 1992.
Rehearing Denied April 30, 1992.

Sharon L. Warner, Cavitt Wendlandt, Austin, for appellant.

W. Allyn Hoaglund, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

The State of Texas, appellant, condemned a whole tract of land owned by appellee Mary Ellen Tigner at the corner of Fondren Road and the Southwest Freeway (U.S. 59 South) in Houston. The only question posed to the jury inquired as to the fair market value of the property on the date of taking, April 12, 1989. The State contends the trial court erred in permitting appellee to offer expert testimony and sales based on prospective commercial use because the property was encumbered with a covenant restricting its use to residential. The trial court admitted the expert's testimony upon his opinion there was a reasonable probability the residential restrictions may be lifted within a reasonable time. The jury awarded appellee $125,000, or more than twice the property's value of $51,500 if restricted to residential use. We affirm.

The State Highway and Public Transportation Commission of Texas acquired appellee's homestead property for freeway improvements. Unable to agree upon the value of the property, the parties submitted their case to three special commissioners appointed by the trial court, and the special commissioners awarded appellee $195,000, approximately the value of the land if used for commercial purposes. The State objected to the award as "excessive," and demanded a jury trial.

At a lengthy pretrial hearing, the State sought a ruling that, as a matter of law, the jury could only consider the value of the property for residential purposes. Although use restrictions that encumbered appellee's property in the Sharpstown Section 2 Subdivision were subject to renewal in approximately six months, at least fifty-one (51) percent of the subdivision's homeowners would have to consent to the change. Several representatives of the Sharpstown Civic Association said they knew of no movement to lift the restrictions. However, George Reed, a real estate broker, appraiser, and consultant testifying as an expert witness, stated that even if restrictions were not lifted for the entire subdivision, it was "reasonably probable" that the association might allow commercial use along the perimeter of the subdivision where appellee's house had been

located. He theorized that "it would be a big advantage" for other homeowners to allow someone to "clean up" the perimeter property and use it for commercial purposes rather than let it become "a run down rat's nest" of rental houses. Reed testified that, in his professional opinion, appellee's property was best suited for commercial use, as the daily traffic flow on Fondren was 25,000 to 27,000 cars, and the daily traffic flow along the freeway was 180,000 cars. In fact, properties across the street from appellee were used for commercial purposes. Reed also testified that it appeared to him that certain other houses in the subdivision were being "used for business purposes." However, the representatives of the civic association vigorously maintained that they made every effort to enforce the subdivision's deed restrictions.

■ The trial judge stated that she would allow testimony of the property's would-be commercial value because there was "some evidence" the restrictions "may change in the near future." In its first point of error, the State contends that the correct standard for admitting value evidence that is inconsistent with the legally permitted use of the property taken was stated by the Texas Supreme Court in *City of Austin v. Cannizzo*, 153 Tex. 324, 267 S.W.2d 808 (Tex.1954):

> If the trial judge is satisfied from the evidence as a whole that there is no reasonable probability that existing restrictions may be lifted within a reasonable time, he should exclude evidence of value based on use for any purposes other than those to which it is restricted. On the other hand, if it appears reasonably probable to the trial judge that the wants and needs of a particular community may result, within a reasonable time, in the lifting of restrictions, he should admit testimony of present value based on prospective use of the property for purposes not then available.

*Id.*, 267 S.W.2d at 815. The trial court has "wide discretion" in making that determination, and it will not be disturbed unless an abuse of discretion is shown. *State v.*

*Kinsloe*, 716 S.W.2d 699, 702 (Tex.App.—Corpus Christi 1986, no writ).

"But for" the deed restrictions, the State's expert, Jerry Dominy, conceded that the highest and best use for appellee's property would probably be commercial. However, he explained that in appraising a property's highest and best use, it must be physically possible, financially feasible, and legally possible for the property to be used for that purpose. After speaking with members of the civic association and its attorney, he concluded that the restrictions would not be changed in the foreseeable future, "maybe never."

The State complains that Reed's testimony is deficient because he did not poll homeowners to determine whether a majority of them would support a change in deed restrictions. We disagree, as it was entirely rational for Reed to base his forecast on his considerable experience in the Houston real estate market. Therefore, we hold the trial court did not abuse her discretion in allowing the jury to consider Reed's expert testimony that it was reasonably probable that in the reasonable future appellee's property would be available for commercial use. Point of error number one is overruled.

■ In its second point of error, the State contends the trial court erred in submitting the case to the jury because appellee failed to adduce more than a scintilla of competent evidence to support a value for the property other than the value based on residential use. In point of error number three, the State asserts the evidence was insufficient to show a reasonable probability that the residential use restrictions would be lifted within a reasonable time, given the civic association's active enforcement of the restrictions. Therefore, the State claims, the jury's verdict was manifestly unjust and against the great weight and preponderance of the evidence.

At trial, Reed repeated his expert opinion that the property's highest and best use would be commercial, and he predicted the property would become available for commercial development in the reasonable future. Based on his professional experience

in evaluating properties, he testified that a prudent civic association would lift the restrictions in order to protect adjacent properties and to improve the neighborhood's tax base. Reed also presented value evidence of otherwise "comparable" properties that were not encumbered by residential deed restrictions. This evidence was sufficient to support the jury's verdict. Therefore, we overrule appellant's second and third points of error.

Next, the State contends the trial court erred by (1) admitting photographs that were taken of the property two years after the date of taking; (2) allowing testimony concerning the possible adoption of a zoning ordinance that was "not contemplated" at the date of taking; and (3) instructing the jury to consider uses of the property that might become available in the reasonable future.

The State cites *McRoy v. River Lake Country Club, Inc.*, 426 S.W.2d 299, 305 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.), for the proposition that in order for photographs to be admissible, they must fairly and accurately represent the subject property *as of the date of taking*. Actually, *McRoy* merely states that a witness must know the scene depicted and testify that it correctly represents the facts. *Id.* Although it may be true that the photographs in question were not relevant to what a willing buyer/willing seller would have considered at the time of the taking, they were clearly relevant to other evidence. For example, the photographs simply confirmed that the property was taken not for residential use, but for freeway construction.

As for Houston adopting a zoning ordinance, the State is unable to show harm because the zoning reference did not specifically relate to appellee's property. Reed was asked whether the ordinance might have an effect on his consideration of the effect of deed restrictions on the development of properties in general. He responded, "It may have." The State objected; the objection was overruled; and examination of the witness continued without further reference to zoning regulations.

Finally, the State objects to the following jury instruction:

You are instructed by the term "market value" as used in this charge, is meant the price which the property will bring when it is offered for sale by one who desires to sell but is not obligated to sell and is bought by one who desires to buy, but is under no necessity of buying, taking into consideration all of the uses to which it is reasonably adaptable and for which it either is or in all reasonable probability will become available within the reasonable future.

This instruction follows the wording that the supreme court suggested in *Cannizzo* for cases, such as this, in which it appears reasonably probable to the trial court that current restrictions may be lifted within a reasonable time. The instruction properly allowed the jury to consider Reed's expert testimony and give it such weight as the jury felt a prospective purchaser would give. *City of Austin v. Cannizzo*, 267 S.W.2d at 815.

We overrule appellant's fourth point of error.

The judgment of the trial court is affirmed.