GEORGE C. CLEMENTS AND OTHERS v. E. E. CRAWFORD.

1. MARRIAGE. Article 12, Section 27, of the State Constitution, refers to persons who were both precluded, not from inter-marriage with each other merely, but from marriage with any one else. Its object was to legitimate the offspring of those whose bondage had disabled them from legal marriage, until the death of one of them, or until the adoption of the Constitution.'

2. Honey v. Clark (37 Texas, 705), overruled.

3. OATH OF JURY IN CIVIL CASES. The rule adopted in criminal cases, requiring the statutory form of the oath to be administered to the jury, does not obtain in civil cases, and it is too late, after verdict and judgment, to object to the formality of the oath administered.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

George E. Clements, one of the appellants, in July, 1870, executed a deed of trust on certain lots in the city of Galveston, and the buildings thereon, to secure a note executed by him to E. E. Crawford, for two thousand dollars, borrowed money. Under this deed of trust, the lots were sold by the trustee to Crawford, and deed executed in accordance with the power. Appellants lived on the property at the time of the execution of the deed of trust.

Crawford brought trespass to try title against George E. Clements for the lots, and after suit, Mary Clements made herself a party, and joined George E. Clements in defense, styling herself his wife; claiming that she and her husband had occupied and used said property as their homestead : and that she and her husband and children had so used said homestead, and had claimed it as such ever since 28th March, 1870 ; asking that she be quieted in her homestead right.

The evidence showed that the trust deed and sale were regular. Defendants showed that they had resided on the premises together for several years ; that Mary Clements was a mulatto woman; that they had been living together since in 1868, and had several children. Clements testifying that he " never was married to any one."

Defendants asked the court to instruct the jury :

" If the jury find the defendant lived with a woman, and " they were reputed to be man and wife, before the adoption " of the present Constitution of Texas, and have continued to " live together since that time as husband and wife, then the " jury will find for the defendants."

This the court refused, giving the following :

"If the jury believe from the proof that the trustee, T. R. "Allen, sold the premises to the plaintiff in the manner and upon "the happening of the conditions specified in the deed of trust "by defendant; and if you further find that at the time of mak- "ing said deed of trust by the defendant he was not a married "man, and that intervenor was not his wife, you will find for "the plaintiff.

"If you believe from the proof that the intervenor was the "wife of the defendant, Geo. C. Clements, at the time he exe- "cuted said deed of trust, or that said trust sale by the trustee "was not made in accordance with the terms of said trust "deed, you will find for defendant."

The verdict and judgment were for the plaintiff, and defend- ants appealed.

*William Harry Hays* and *Spencer & Stewart*, for appel- lants.

*Burroughs & Allen*, for appellee.

GOULD, J.    There was no error in the charge given, or in refusing the charge asked, unless Section 27, Article 12, of the Constitution refers to persons *either* of whom was "by "the law of bondage, precluded from the rights of matri- mony."    The language of that section is : "All persons who, "at any time heretofore, lived together as husband and wife, "and *both* of whom, by the law of bondage, were precluded "from the rights of matrimony, and continued to live together "until the death of one of the parties, shall be considered as "having been legally married, and the issue of such cohabita- "tion shall be deemed legitimate.    And all such persons as "may be now living together in such relation, shall be con- "sidered as having been legally married; and the children "heretofore, or hereafter, born of such cohabitation, shall be "deemed legitimate."

In terms it refers only to those persons who were both pre- cluded, not from intermarriage with each other merely, but

---

---

from marriage with any one else. Its object was to legitimate the offspring of those whose bondage had disabled them from legal marriage, but who had lived together recognizing each other as husband and wife, until the death of one of them, or until the adoption of the Constitution. In the connection of such persons there had been no violation of either law or good morals. A free white man, precluded by no law from marriage, who was living with a woman either white or black, in violation of law, at the time of the adoption of the Constitution, was not thereby made a married man. It is not the letter of the Constitution, nor is it believed to be its intention, to confer on any parties, white or black, whose intercourse was illegal and immoral, the rights and benefits of lawful wedlock. In so far as the case of Honey v. Clark, (37 Texas, 708) is at variance from this interpretation of the Constitution, it may be regarded as overruled.

The record recites that the jury were " duly empanneled " and sworn to well and truly try the issue joined between the "parties," and it is assigned as error that this shows affirmatively that the jury took an oath different from that prescribed by law. We do not so regard it. The form is a substantial and almost literal copy of that laid down in Sayle's Practice, and is believed to be in very general use throughout the State. It amounts to a statement that the jury were duly sworn to try the case.

But even were the form of the entry objectionable, we think, in civil cases, it is too late, after verdict and judgment, to object to the formality of the oath. (See Lindley v. Kendell, 4 Blackford, 189 ; Applegate v. Bayles, 10 Indiana, 435.) The civil cases cited by appellant do not support his propositions. Arthur v. The State (3 Texas, 405), was a capital case, and inaugurated the rule contended for in criminal cases. Its extension to civil cases we regard as unsanctioned by authority, and highly inexpedient.

The judgment is affirmed.