Harold Gene WORD et al., Appellants,

v.

UNITED STATES COFFEE & TEA COMPANY et al., Appellees.

No. 6884.

Court of Civil Appeals of Texas.

Amarillo.

April 20, 1959.

Rehearing Denied May 18, 1959.

Caldwell, Baker, Jordan & Hill, and Harvey L. Davis, Dallas, for appellants.

Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

CHAPMAN, Justice.

This is a personal injury action brought by appellants against appellee, United States Coffee & Tea Company and Louis John Keen, the driver of appellee's truck, as a result of an intersection collision between appellee's truck so driven and the automobile driven by Mary E. Word and in which her daughter, Donna Jean Word and her mother-in-law, Cora Lee Word, both injured, were riding. On the opening day of the trial Louis John Keen was dismissed as a party defendant without prejudice, was designated by appellee as its representative, and with the rule invoked was permitted to remain in the courtroom.

The jury answered in the negative to all six questions that inquired of them if appellee was negligent in those six particulars, and the trial court entered judgment for appellees on the jury's verdict. Appeal is predicated upon five points of error. The first point urges abuse of discretion on the part of the trial judge in refusing to permit appellants, after both sides had rested and defendant had closed, to read to the jury the remaining portions of the deposition of the truck driver, Keen, which had not already been read to the jury. The second and fourth points of error assert abuse of discretion of the trial judge after appellee had closed its case, in refusing to permit appellants to call respectively the truck driver and Police Officer Skinner as witnesses. The third point urges an abuse of discretion on the action of the trial court in refusing appellants their request to make the proffer of the deposition and Keen's testimony in the presence of the jury. The

fifth point is based upon alleged error in argument. The first four points involve essentially the same questions of law and will be considered by us together.

■ The deposition of the truck driver, Keen, was taken on March 7, 1958. The case came on for trial on May 19, 1958. A portion of Keen's deposition was introduced by appellants and read to the jury. Appellants did not offer any other portions of the deposition of Keen nor call him to the witness stand as an adverse witness until they had rested their case and appellee had rested and closed. During the course of the trial appellants had used as their witnesses Mrs. Mary Word, the driver of the car, Mrs. Cora Lee Word, who was riding with her, and James Douglas Thompson and D. A. Gant, truck drivers who witnessed the collision. By these witnesses they developed issues from which the trial court submitted questions of failure of the truck driver to keep a proper lookout; the failure of the driver of the truck to give a signal of his intention to make a left hand turn; whether the driver of the truck proceeded into the intersection at a time when the automobile being driven by Mary E. Word was within the intersection; if the truck driver proceeded into the intersection at a time when the automobile was approaching so closely as to constitute an immediate hazard; the failure to make a left turn after entering the intersection so as to leave the intersection to the right half of the center of Buckner Boulevard; and if the driver of the truck turned left without seeing sufficient space for such movement to be made in safety. Each of these questions were answered, "no."

After attorney for appellants had offered some deposition testimony of Cora Lee Word in an effort to clear up some questions appellees' counsel had asked her he announced to the court at about 3:30 P.M., "Your Honor, that is all from the plaintiffs at this time except the Police Officer Skinner, who was here before noon and said he had an engagement from 2 until 4 and he would call me and try to be here at 4 o'clock."

After a conference between counsel for appellants and then Mr. Baker, one of appellant's attorneys' statements to the court that he anticipated "We would probably run through the balance of the afternoon," the court asked Mr. Patterson, one of appellees' counsel if he had any testimony he wanted to put on, to which he replied, "I don't believe I will put on anything until they get through, Your Honor."

The court announced to the attorneys that it was 30 minutes before four and he would like to get along with the case. Mr. Baker, attorney for appellants then said, "Well, if we may not have permission to use him (obviously referring to Police Officer Skinner) out of turn the only thing we can do at this time is to rest, Your Honor." The following then transpired:

"Mr. Patterson: The defendants rest, Your Honor.

"The Court: All right. Both sides close?

"Mr. Patterson: We close, Your Honor.

(Conference Between Counsel for Plaintiffs)

"Mr. Baker: Did the court ask me if I close?

"The Court: Yes.

"Mr. Baker: I am sorry, Your Honor; I am sorry, Your Honor. May I stop Mr. Davies just a second?

"The Court: All right.

(Counsel for Plaintiffs Leave The Court Room and Return)

"Mr. Baker: Your Honor, we want to read from the deposition of Louis Keen.

"Mr. Patterson: Now, if it please the court, I didn't put on any testimony. How can they put on any rebut-

tal testimony? Everything is in this record the same way it was in there when they quit the first time.

"The Court: Will the jury step back in the jury room a minute."

With the jury retired the record shows 15 pages of controversy between opposing counsel and between counsel and the trial judge concerning the contention of appellants' attorney, Mr. Baker, that appellants were entitled to have the case reopened, after both parties had rested and defendant had closed without offering any testimony, and introduced the remaining part of the deposition of Louis Keen or call him as a witness. In the controversy the trial judge told Mr. Baker, in effect, that if it was a case where he had by inadvertence failed to prove an essential fact such as course of employment, had failed to develop his case because witnesses had promised to be present and had not appeared, or he had not had an opportunity for some good reason to develop his case he would feel inclined to permit him to reopen after defendant had rested, but that counsel through his strategy of presenting his case had failed to offer the remaining parts of Keen's deposition; had failed to call him to the witness stand even though he had been in the courtroom available at all times; had fully developed his case and by resting led appellee to rest its case and commit itself in the presence of the jury without offering any testimony it would not serve the ends of justice to permit the case to be reopened.

Article 2181 Vernon's Ann.Tex.St. provides:

"At any time before the conclusion of the argument the court may permit additional evidence to be offered to supply an omission where it clearly appears to be necessary to the due administration of justice."

This article has been superseded by Rule 270 Vernon's Ann.Tex.Rules which provides:

"At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. Provided in a jury case no evidence on a controversial matter shall be received after the verdict of the jury."

The very wording of the above statute and the quoted rule that succeeded it indicates a discretionary matter on the part of the trial judge in permitting additional testimony where the parties have rested or closed their cases. Each says the court *may* permit additional evidence. Had the trial court under the situation presented in this case considered it clearly appeared necessary to the due administration of justice to permit additional testimony by appellants we would not feel inclined to disturb such exercise of discretion. We believe we would be supported in such decision by Southern Underwriters v. Hodges, Tex.Civ.App., 141 S.W.2d 707 (writ refused). However, the trial court obviously felt in the case at bar under the particular situation with which it was confronted that additional testimony was not necessary to the due administration of justice and we do not believe we have the legal authority to say it abused its discretion. (Emphasis added.)

Appellants clearly considered they had developed their grounds of negligence against appellee such as to entitle them to a finding on the negligence questions because they made a motion non obstante veredicto in which they asserted there was no evidence to support the negative findings of the jury to the negligence questions submitted. Additionally, Mr. Baker, in his argument to the court admitted in effect that he had the opportunity of offering the testimony he was urging the court to reopen for him to introduce and he did not offer it because he thought appellee would use Mr. Keen. It is quite obvious from the record before us that he was waiting for appellee to place him on the stand so he could cross examine him upon some statements he had made in the deposition.

Further, it is understandable to us why Mr. Baker did not put the truck driver on the stand, because his testimony taken as a whole indicates to us he would have injured appellants' cause as much as he would have helped it. For example, he testified in his deposition that at the time the Word car hit his truck he lacked only about 3 feet being off the highway, that he had driven only about 5 miles an hour into the intersection with the change to a green light and that Mrs. Word was going 50 miles an hour through the intersection.

The question of reopening a case for the purpose of admitting additional testimony is clearly within the sound discretion of the trial judge, and his action refusing to permit a party to reopen for such purpose should not be disturbed by an appellate court unless it clearly appears that such discretion has been abused. Safety Cas. Co. v. Malvoux, Tex.Civ.App., 204 S.W.2d 862.

It is also settled law that this court has authority to review questions involving the exercise of a trial judge's discretion, but it is equally well settled that the appellate courts will not reverse causes on such ground unless it is made clearly to appear to the appellate court that such discretion was abused to the prejudice of the complaining party. Smith's Heirs v. Hirsch, Tex.Civ.App., 197 S.W. 754, 765 (writ refused). We do not believe such abuse is shown in this case. Particularly is this true when we study Mr. Keen's deposition and find that the testimony therein that might be helpful to appellants' alleged grounds of negligence was essentially cumulative of other testimony given by appellant's witnesses. Loumparoff v. Housing Authority of City of Dallas, Tex. Civ.App., 261 S.W.2d 224. Further, the record showing that Mr. Keen was present during all the trial and not used, and no showing having been made that such witness could as easily been offered by appellants during the trial as he could after both parties had rested, appellants have wholly failed to show diligence in this re-

gard. Collins v. Hall, Tex.Civ.App., 161 S.W.2d 311.

What we have said heretofore has to do with the failure of the trial court to reopen the case in order for appellants to introduce the testimony of Louis John Keen either personally or by deposition. They also complain of the failure of the court to permit them to reopen to use Officer Skinner as a witness. There is not anything in the record to show what Officer Skinner would have testified to had he been used nor anything to show the materiality of his testimony. Therefore, for all the reasons stated and all of the authorities cited we hold the trial court did not commit reversible error in refusing appellants' request to offer additional testimony after both sides had rested their cases in the presence of the jury and appellee had announced it closed.

Appellants contended the trial court abused its discretion in not permitting them to offer the deposition of Mr. Keen as a witness in the presence of the jury. Even if it should be said that the trial court was in error in such refusal we would have no authority to reverse the case unless we should be of the opinion that the error, if any, complained of, amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434 V.A.T.R. Not being of such opinion, from a study of the record in this case, appellants' point in this respect is overruled under all the authorities above cited.

■ Appellants' fifth point asserts error of the trial court in overruling appellants' objection to the jury argument of counsel with respect to the failure of appellants to call Mr. Keen as a witness and the failure of appellants to read that part of his deposition not read. The record shows the following proceedings in connection with the argument complained about:

"Hon. W. B. Patterson, made the following argument to the jury:

" 'Now, Mr. Baker says that if this truck driver had gotten on here he would have said, "I just didn't look for it," now may I call to your attention that for two long days that truck driver sat over there in that chair. Mr. Baker called the witnesses all the time during that two day period. If he wanted to hear what that truck driver had to say all he had to do was say, "Mr. Keen, you have been sworn as a witness. Step up here" '.

"To which argument Plaintiffs' counsel objected, which objection was overruled as reflected by the following proceedings:

" 'Mr. Baker: Now, if the court please, we object to that argument, because counsel well knows that I asked permission to put this witness on the stand.

" 'Mr. Patterson: If it please the court—

" 'Mr. Baker:—to make their record.

" 'Mr. Patterson: (Continuing)— these are inflammatory statements by counsel not in the record. We ask that the jury be instructed not to consider them for any purpose.

" 'The Court: Disregard it, Ladies and Gentlemen.

" 'Mr. Baker: If the court please, those are—

" 'Mr. Patterson: If it please the court, if he is going to make any more statements like that, we ought to retire the jury.

" 'The Court: All right, let's proceed.

" 'Mr. Baker: Your Honor—

" 'The Court: Disregard the statement.

" 'Mr. Baker: Note our exception, Your Honor.

" 'Mr. Patterson: He sat right over there for two days; he had every op-portunity in the world to call that man to the stand. The testimony in this record shows that back in last February, Mr. Baker took this man's deposition. He read a portion of that deposition to you from the witness stand and didn't read the rest of it, and for two solid days, he had—or for months, he has had that deposition in his hands. During this whole trial, he had that deposition in his hands. He mounted the stand and read a part of that deposition to you, and didn't read the rest of it to you and then he gets up here and jumps on me for not putting that man on the stand. Is that fair?

" 'Mr. Baker: If the court please, I want my objection to all of this argument.

" 'Mr. Patterson: Is that fair?

" 'The Court: Yes, you may have your objection.

" 'Mr. Patterson: Is that fair?'

"The foregoing argument was in answer to the argument of Mr. Baker as per the Reporter's transcript attached hereto."

Appellees contend the argument was in reply to Mr. Baker's opening argument in which he said:

"It has been a rather unusual case. I have been practicing law a long time and I think this is the—one of the very few times that I ever saw a case of this importance and this magnitude placed before a jury with the defendant sitting mute and silent and seeing fit only * * * the defendant has offered not one word of testimony in opposition to that brought you here by the plaintiffs. So the sole and only testimony other than the cross-examination of the witnesses, being this one lone photograph that they have brought here. Yet this suit has been on file for months and there is a substantial sum involved. I have no doubt that Mr. Patterson will endeavor to make some explanation of

his failure to call any witnesses. I only beg of you—and ask of you Ladies and Gentlemen, when he makes that explanation to weigh it carefully and in the light of the facts and circumstances in this case, and then make up your own mind as to whether or not there are any extenuating circumstances in this case that they could bring forth to you. The witnesses that were brought here —bear this in mind—and Mrs. Word, Mrs. Mary Word and her mother-in-law stand unimpeached as to what took place there. Not a word of explanation from anybody else as to what took place. Not a thing in this record that you can put your finger on or that you could say that these people are not worthy of belief. So we say, ladies and gentlemen, that we have proved our case and we have proved it conclusively and we have proved it so strongly that there was nothing they could say in defense of themselves. Mrs. Word said she saw no signal. Her testimony is unimpeached. The Defendant, when they started this case, designated Mr. Keen—I don't see him here this morning—as their representative of the United States Coffee & Tea Company, to sit in this case, and he stayed here and heard these witnesses testify and he heard Mary Word say, 'You didn't give a signal.' Don't you know if that wasn't true that this lawyer would have placed him on the stand?"

We believe it is a well established rule of law in this state that if the argument objected to is a fair response to opposing counsel's preceding argument there is no error. Texas Employers' Ins. Ass'n v. Hicks, Tex.Civ.App., 237 S.W.2d 699, 702; Yellow Cab & Baggage Co. v. Green, Tex. Civ.App., 268 S.W.2d 519, 527; Lowrimore v. Sanders, 129 Tex. 563, 103 S.W.2d 739, 740 (Com. of App. adopted by Sup.Ct.); Carter v. Lindeman, Tex.Civ.App., 111 S. W.2d 318, 321.

It is immaterial in this case as to whether the argument made by Mr. Baker, which provoked the reply by Mr. Patterson, which is here objected to, was proper or not. The question, as we see it, is whether Mr. Patterson's reply was a fair response. We believe it was not only a fair response but a specifically invited reply. For example, Mr. Baker said, "I have no doubt that Mr. Patterson will endeavor to make some explanation of his failure to call any witnesses. * * * The defendant, when they started this case, designated Mr. Keen—I don't see him here this morning—as their representative of the United States Coffee & Tea Company, to sit in this case and he stayed here and heard the witnesses testify and he heard Mary Word say, 'You didn't give a signal.' Don't you know if that wasn't true that this lawyer would have placed him on the stand?" Particularly do we believe it was a fair response when we consider the fact that Mr. Keen's deposition shows he swore he did give a signal on his truck that he was going to turn left. This is a part of the deposition Mr. Baker did not introduce.

Our Commission of Appeals has held that the question of whether argument complained about was calculated to prejudice is left to the sound discretion of the trial court and when in the exercise of such discretion the trial court has determined this question an appellate court is not warranted in setting aside its holding unless it clearly appears that the trial court abused its discretion. Emberlin v. Wichita Falls, R. & Ft. W. Ry. Co., Tex.Com., 284 S.W. 539. This court on the same point has followed the authority of the case just cited. Rutherford v. Hughes, Tex.Civ.App., 228 S.W.2d 909.

In a study of the record in this case we do not find in the argument just quoted, or in any other argument objected to, any such error as to justify us in saying the trial court abused its discretion in not granting a new trial. Until both sides rested their cases appellants could have called Mr. Keen as a witness just as Mr. Patterson argued they could. Clearly his argument did not insinuate they could have called him after the parties had rested.

It is also the law of this state that in order for argument to constitute reversible error it must be shown that such argument was calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404.

There is no question from the medical testimony but that Donna Jean Word and her grandmother Cora Lee Word, suffered substantial injuries. The jury, on proper questions submitted, absolved appellee of responsibility therefor, but we can not say in studying the record as a whole that the argument complained about caused the jury to so find. Believing there was no reversible error, the judgment of the court below is affirmed.