**Della K. BARRON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14249.**

Court of Civil Appeals of Texas.

San Antonio.

April 8, 1964.

W. Pat Camp, San Antonio, J. G. Hornberger, Tom N. Goodwin, Laredo, for appellant.

Waggoner Carr, Atty. Gen., T. B. Wright, Watson C. Arnold, Woodrow Curtis, Asst. Attys. Gen., Austin, for appellee.

BARROW, Justice.

This is a suit for condemnation of the fee of an entire city block of four contiguous blocks owned by appellant, Della K. Barron, in the City of Laredo. The jury awarded appellant $8,100 for the value of the land taken and no severance damages on the other three blocks. The primary question on this appeal relates to the asserted misconduct of the jury foreman, B. B. Stewart.

Appellant asserts that Stewart on the voir dire examination failed to disclose that he was a close personal friend of Dan Ewing, a representative of the State. Appellant further asserts that Stewart was so biased and prejudiced that appellant could not and did not secure a fair and impartial trial. In her third point, appellant asserts that the judgment should be reversed and remanded because of the failure of the trial court to swear the jury panel prior to the voir dire examination.

Rule 327, Texas Rules of Civil Procedure, provides in part that where the ground of the motion for new trial is that a juror gave an erroneous or incorrect answer on voir dire examination, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if the erroneous or incorrect answer be material, and if it reasonably appears from the evidence, both on the hearing of the motion and the trial of the case and from the record as a whole, that injury probably resulted to the complaining party.

Appellant asserts that Stewart failed to respond to the general question asked of the jury panel by State's attorney, as to whether they knew any of the State's witnesses, G. T. Gilliland, Dan Ewing or Arthur C. Volz. The voir dire examination was not reported and there is a dispute as to the exact question propounded by the State's attorney. It is undisputed that while he was asking general questions of the entire panel of about twenty-five persons, he asked if they knew any of the named State's witnesses. There is a dispute as to whether he asked a second question, or as a part of the original question, if their acquaintanceship would prejudice them from serving as a juror in the case. There was no visible or audible response from any juror and appellant's attorney testified that he relied upon this silence and did not pursue the matter further. Appellant's attorney did ask the entire panel if they knew of any reason why they could not be fair and impartial to both sides and no juror responded.

The trial court permitted a very full inquiry on the hearing of the motion, and at its conclusion found that no misconduct had occurred. Stewart testified that he was an intimate friend of Ewing and that they had visited four or five times in the past two or three years. However, he testified that he had no feeling toward either party when selected, and did not respond to the attorney's general question, as he didn't believe that his friendship with Ewing would influence his decision in the case. He further testified that he had no recollection that the specific question of whether he knew Ewing was asked. Formal findings of fact were not requested or filed, but at the conclusion of the evidence the trial judge stated that "it seems that the man (Stewart) wasn't paying attention when the question was propounded. I find that isn't misconduct." He further said, "It's predicated on Stewart, Stewart says he doesn't recall hearing any question

propounded to the prospective jurors, the jurors, none of them, * * *." The judge then stated that he found no misconduct.

■ General questions to the panel are usually a poor predicate for a later claim of this form of misconduct. Thompson v. Quarles, Tex.Civ.App., 297 S.W.2d 321. It has been said that jurors are inclined to be diffident about speaking out in answer to any but the most simple collective questions, and may fail to give pertinent information which would be elicited were they asked the same questions individually. McDonald, Texas Civil Practice, 976. Counsel must be certain that all the jurors hear and understand the inquiry.

A very similar situation was presented in McCarthy Oil & Gas Corp. v. Cunningham, Tex.Civ.App., 255 S.W.2d 368, where it was asserted a juror failed to disclose a prior injury on voir dire examination. The Court said: "The question as to whether misconduct actually occurred is one of fact, and the judge's determination of such fact is final. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Andrews v. Dewberry, Tex.Civ.App., 242 S.W.2d 685, 689. Since the court refused the motion after hearing, he presumably found that no misconduct occurred. Where the court, upon a hearing on jury misconduct based on failure of a juror to answer a question, concludes that either the question was not asked the jury, or was not heard, he would have to find against the fact of misconduct." See also: State of Texas v. Wair, 163 Tex. 69, 351 S.W.2d 878; Thompson v. Quarles, supra; Liberty Cab Co. v. Green, Tex.Civ.App., 262 S.W.2d 522; Roy L. Jones Truck Line v. Johnson, Tex.Civ.App., 225 S.W.2d 888.

Furthermore, it cannot be said from an examination of the entire record that appellant has demonstrated that Stewart's failure to answer the question amounted to such a denial of her rights as was reasonably calculated to cause, and probably did

cause the rendition of an improper judgment in the case. His failure is therefore harmless under the applicable test. Rule 434, T.R.C.P.; Childers v. Tex. Emp. Ins. Ass'n., 154 Tex. 88, 273 S.W.2d 587.

■ Ewing was not a witness. He was not mentioned in the evidence. He testified on the hearing of motion that he was an employee of the State Highway Department, although his position was not shown. Mr. Volz was identified as the Senior Resident Engineer in charge of the Laredo office of the Highway Department. There is no assertion that Ewing had any contact with Stewart for any purpose during the trial, or at any time concerning the property in question. Probable harm is not shown by the sole fact that Ewing and Stewart are close friends.

■ Appellant asserts, under her second point, that Stewart was a biased and prejudiced juror. In support thereof she urges that one juror testified that Stewart voted to go along with the amount of damages as given by the State's appraiser, and further said that appellant was not entitled to any severance damages. Other jurors refuted this testimony and testified they had no recollection of Stewart's position. Appellant's witness testified that the value of the block taken was from $15,000 to $16,000, and that the severance damages would be about 25% of the total value of the three blocks. It is not asserted that there was any misconduct in the jury deliberations, and it is seen that the jury, after about three hours deliberation, all agreed upon a sum $1,200 over that testified to by the State's appraiser. No point is presented that any finding of the jury is not supported by evidence, or is so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust. The trial court did not abuse its discretion in impliedly finding that Stewart was not a biased or prejudiced juror. Swap Shop v. Fortune, Tex., 365 S.W.2d 151.

■■ The error shown by the failure to swear the jury panel prior to the voir dire examination as required by Rule 226, T.R.C.P., was waived by appellant's failure to timely complain of same. Clements v. Crawford, 42 Tex. 601; Strickland v. City of Friona, Tex.Civ.App., 294 S.W.2d 254. Furthermore, this error was not assigned in the motion for new trial, as required by Rule 374, T.R.C.P., and is therefore considered as waived.

The judgment is affirmed.