**HIGHLANDS UNDERWRITERS INSURANCE COMPANY, Appellant,**

v.

**Jessie D. MARTIN, Appellee.**

No. 7060.

Court of Civil Appeals of Texas.

Beaumont.

June 12, 1969.

Fuller, Fuller & McPherson, Port Arthur, for appellant.

Monte D. Lawlis, Jasper, for appellee.

KEITH, Justice.

The appeal is by the workmen's compensation insurance carrier from a judgment awarding the appellee judgment as and for total and permanent disability for injuries he received while in the course of his employment by Levingston Shipbuilding Company. The parties will be designated as they appeared in the trial court.

Plaintiff sustained his injury when he stepped into a hole in the deck of the ship upon which he was working, dropping about two or three feet therein, severely scraping the flesh from his left leg. He was examined by the first aid attendant at the shipyard and taken to the hospital in Orange for emergency treatment. The fact that plaintiff received an injury is not disputed, the real disagreement between the parties being whether or not the plaintiff also received an injury to his back. Plaintiff contends that he did in fact hurt his back, whereas the defendant asserts that the involvement of his back was either an afterthought or caused by the manner in which he walked after the injury, i. e., "favoring" the injured leg.[1]

The accident occurred on March 9, 1967, and plaintiff filed his claim for compensation (dated March 24, 1967) with the Industrial Accident Board on March 27, 1967. The claim did not mention any injury to plaintiff's back, nor did plaintiff claim injury to his back when he was first treated by defendant's physician. Likewise, he failed to mention it to an orthopedic surgeon whom he consulted thereafter. The notes of the physician who testified in plaintiff's behalf did not show that plaintiff said anything about an injury to his back upon the first visit, although plaintiff claims that he told the doctor about such an injury.

The pleadings of the defendant consisted only of a general denial, a general pleading that the injuries were not severe and that the plaintiff had recovered therefrom; the present incapacity was due solely to prior diseases, infections, etc.; and, finally that

1. Thus, defendant seeks to invoke the rule announced in Texas Employers' Insurance Ass'n v. Espinosa, 367 S.W.2d 667 (Tex.Sup., 1963) and Liberty Mut. Ins. Co. v. Lee, 381 S.W.2d 172 (Tex.Sup., 1964), that plaintiff's general incapacity was the result, not of the injury, but from the use of the injured leg, thereby seeking to confine the recovery to a specific injury. See also, Travelers Ins. Co. v. Marmolejo, 383 S.W.2d 380, 381 (Tex. Sup., 1964).

the incapacity, if any, was temporary and not permanent, partial and not total. There was no pleading that the incapacity was confined to the plaintiff's left leg., i. e., a specific injury.[2] This was an original answer filed more than a year before the commencement of the trial.

After all parties had rested and the evidence was closed, defendant sought leave to reopen the evidence for the purpose of introducing the claim for compensation which the plaintiff had filed with the Industrial Accident Board on March 27, 1967. No motion was made for leave to file a trial amendment seeking to confine plaintiff's recovery to a specific injury. The trial court denied defendant's motion for leave to reopen. The claim, however, is in our record as part of the defendant's bill of exception.

Upon this record, by the first two points, defendant contends that it was error for the trial court to deny defendant's motion to reopen the case for the purpose of introducing plaintiff's claim for compensation.

■ Rule 270, Texas Rules of Civil Procedure, governing the right to introduce additional testimony, is simple: "At any time the court *may* permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. * * *"[3] Defendant also recognizes that such a motion is addressed to the sound discretion of the trial court, as indeed it must. In Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471, 476 (1945) it is said:

"The right of a party after having rested his case to reopen it and introduce additional evidence is a question addressed to the sound discretion of the trial court."

See also: McRoy v. Riverlake Country Club, Inc., 426 S.W.2d 299, 305 (Dallas Civ.App., 1968, error ref. n. r. e.); Hill v. Melton, 311 S.W.2d 496, 500 (Dallas Civ. App., 1958, error dism.); State v. Parkey, 295 S.W.2d 457, 462 (Waco Civ.App., 1956, error ref. n. r. e.); Stroud v. Temple Lumber Co., 284 S.W.2d 909, 913 (Beaumont Civ.App., 1955, error ref. n. r. e.); Ledbetter v. Martinez, 12 S.W.2d 1042, 1043 (Austin Civ.App., 1929, no writ); 3 McDonald, Texas Civil Practice, § 11.24, p. 1023; 56 Tex.Jur.2d, Trial, § 122, p. 470.

Further, there must be a showing of diligence upon the part of the moving party in making such a request. In the early case of Cotton v. Jones, 37 Tex. 34 (1872), the defendant had neglected to offer into evidence the file marks upon the plaintiff's original petition so that he was unable to argue to the jury the fact that the suit had not been filed timely. The denial of his right to reopen for the purpose of introducing the file marks upon the very petition which had been read to the jury was upheld by the Supreme Court using these words:

"There should be a limitation, especially in civil cases, to the privilege of introducing testimony on either side, and the one established by the court in this case, is in accordance with reason, as well as the usual practice."

See also: Collins v. Hall, 161 S.W.2d 311, 315 (Austin Civ.App., 1942, error ref., want of merit).

■ The receiving stamp of the defendant appearing upon the reverse side of the claim for compensation shows clearly that such claim had been received by the defendant on March 31, 1967, nearly eigh-

---

2. The court refused defendant's requested issue as to whether the plaintiff's disability "is not limited to the left leg below the knee," but defendant does not complain of such action. See in this connection Travelers Ins. Co. v. Marmolejo, 383 S.W.2d 380 (Tex.Sup., 1964), footnote 1, p. 382, and the comment with reference to pleadings supporting such requested issue found on p. 383.

3. All emphasis has been supplied unless otherwise indicated.

teen months before the beginning of the trial. Moreover, defendant had cross-examined both the plaintiff and his forensic medical expert as to the facts revealed by the claim itself, i. e., the lack of a complaint of an injury to the back. The defendant had examined its own medical witnesses extensively to show that the plaintiff did not assert a claim of injury to his back until about the time of the filing of the suit. Under these circumstances, therefore, the claim form itself would have been merely cumulative evidence of that which was already abundantly shown in the record then before the jury.

While it has been said (*McRoy*, supra, 426 S.W.2d at 305) that the rule permitting the reopening of the case for the receipt of additional evidence should be "liberally exercised", it should also be borne in mind that the party seeking such privilege must first show that the additional testimony is "necessary to the due administration of justice." Rule 270. The decision of the trial court, exercising the discretion conferred by the rule, is final unless the complaining party can show an abuse thereof.

■ We have reviewed carefully the tendered evidence and the record as a whole to determine whether or not there was an abuse of discretion shown. In our opinion, the defendant has failed to show diligence, and, more importantly, has failed to show that the trial court did in fact abuse its discretion in this case. In Word v. United States Coffee & Tea Co., 324 S.W.2d 258 (Amarillo Civ.App., 1959, error ref. n. r. e.), there is a good discussion of

the entire subject and therein we find this apt holding (at p. 262):

"The question of reopening a case for the purpose of admitting additional testimony is clearly within the sound discretion of the trial judge, and his action refusing to permit a party to reopen for such purpose should not be disturbed by an appellate court unless it clearly appears that such discretion has been abused. Safety Cas. Co. v. Malvoux, Tex.Civ.App., 204 S.W.2d 862." [4]

Defendant's points complaining of the refusal to reopen the case are overruled.

■ The third and final point brought forward by defendant asserts that it was entitled to a new trial because one juror concealed a material fact upon his voir dire examination. Juror Mayo did not respond to a general question inquiring if any member of the panel had been a plaintiff in a law suit or whether any member of the immediate family of any juror had "ever been injured and a claim was made against someone else for money benefits." [5] It was shown that Mayo had been next friend for his minor son in a suit for personal injuries which was settled for $100.00 about a year prior to the trial of this case.

Mayo admitted that he heard the question propounded but stated that " * * * I thought you meant personal injuries to yourself and as a jury trial like this. This is what I understood it to mean." He readily admitted that he was "aware" of his lawsuit, that is, he had not forgotten it, but then said: " * * * I didn't relate it with what we were doing at the time; it just didn't dawn on me that this was the

---

4. Having studied the record carefully, and even if it could be said that the trial court was in error in such refusal, we would have no authority to reverse the case unless we should be of the opinion that the error, if any, complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

Rule 434, T.R.C.P. We are *not* of such an opinion. *Word*, supra.

5. "General questions to the panel are usually a poor predicate for a later claim of this form of misconduct. Thompson v. Quarles, Tex.Civ.App., 297 S.W.2d 321 * * * " Barron v. State, 378 S.W.2d 144 (San Antonio Civ.App., 1964, no writ).

**774**

question." Later, on cross-examination by plaintiff's counsel, Mayo said:

"No, sir, it [the question] didn't bring it [his son's lawsuit] to my immediate memory. Like I say, I haven't forgot it; I'll never forget it, but at the time, I was concentrating on what was going on, that it was a jury trial, and it didn't bring it to my memory that this was what he wanted, or I wouldn't have had any reason whatsoever to conceal this fact; I'm not ashamed of it. I have no reason to conceal it."

Further, Mayo said that the first thing the jury did after the argument was to read the preliminary instructions of the court that they "would only consider the evidence of the case and nothing else" and that "is what I did, to the best of my ability."

Defendant has made no effort to show any injury nor does it cite any case in support of its point that we should reverse this case solely because Mayo did not "relate" the general question asked to his son's relatively minor injury and the settlement thereof.

■ The point is overruled. The failure of a juror on his voir dire examination to disclose information is not, standing alone, sufficient reason to reverse a case. The complaining party must go further and show that the juror concealed the fact *and* that such action resulted in probable injury. Childers v. Texas Employers Ins. Ass'n., 154 Tex. 88, 273 S.W.2d 587, 588 (1954); Dunn v. Sears Roebuck and Co., 371 S.W.2d 731, 735 (Houston Civ.App., 1963, error ref. n. r. e.).

Defendant has failed to discharge its burden of showing that the non-disclosure resulted in an "improper tribunal being established" and no reversible error is shown. *Childers,* supra; Rule 434, T.R.C.P.

The judgment of the trial court is affirmed