Felix Pate RUSSELL, Appellant,

v.

Norma RUSSELL, Appellee.

No. 6032.

Court of Civil Appeals of Texas.

El Paso.

June 25, 1969.

Huffaker & Green, Tahoka (Gerald Huffaker, Tahoka, of counsel), for appellant.

Haley & Smith, Seminole (Stephen L. Haley, Seminole, of counsel), for appellee.

## OPINION

PRESLAR, Justice.

This is a divorce action in which the appellant-husband was awarded a divorce on his cross action; two children were awarded him, three were awarded the appellee-wife, and a division of community property was made. Custody of the children is the real issue between the parties, and trial procedural questions are presented. We are of the opinion that the cause should be remanded for another trial.

On the day set for trial, July 9th, the defendant cross-plaintiff husband appeared with his attorney, and the plaintiff wife appeared only by her attorney. Plaintiff's attorney urged a continuance and objected to any proceedings in the absence of the plaintiff. The court, sitting without a jury, ruled that the evidence of the defendant cross-plaintiff would be heard and the matter would then be continued until July 17th to give the plaintiff an opportunity to be present. When the trial resumed on July 17th, all parties were present and the plaintiff moved the court to grant judgment without hearing further evidence. This oral motion was to the effect that the evidence was sufficient for the court to award a divorce to the defendant cross-plaintiff, but it was not sufficient to sustain his requests of custody of all children, and urged that the custody be as the children were then residing, three with the mother and two with the father. Defendant cross-plaintiff agreed that he was entitled to divorce, but insisted that the evidence was such that he was entitled to an award of custody of all five children. Following a further exchange between court and counsel, the court announced that it would grant the divorce and award custody of the children to the respective parties in whose custody they then were. At that time the court stated that there was no evidence as to child support, and engaged in further discussion with counsel as to that aspect of the case and the division of property. Defendant cross-plaintiff then moved to withdraw his statement that he had rested, and requested that he be permitted to proceed with further testimony. Specifically, he requested to call the plaintiff and her eleven-year-old daughter as witnesses, and the court denied such requests. He then asked to call both for the purpose of making his bills of exceptions, and those requests were denied. These denials are assigned as error in this court.

We are of the opinion that the question becomes one of whether the trial judge abused his discretion in not permitting the appellant to reopen and present additional evidence after he had rested his case. Clearly, the failure to allow the making of the bills of exception was error. Dorn v. Cartwright, Tex.Civ.App.1965, 392 S.W.2d 181 (ref. n. r. e); Rules 372 and 373, Texas Rules of Civil Procedure. And it was reversible error, for it was of such a nature that it probably prevented the appellant from making a proper presentation

of his case to this court. Rule 434, T.R.C.P. But we do not get to these errors if the court was correct in not allowing further evidence because the party offering it had rested his case. Rule 270, T.R.C.P., provides:

"At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice. Provided in a jury case no evidence on a controversial matter shall be received after the verdict * * *"

 The courts have consistently recognized the rule to be that the right of a party, after having rested his case, to reopen it and introduce additional evidence is addressed to the discretion of the trial court. Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471. But such discretion is to be liberally exercised in behalf of allowing the whole case to be presented, for the best advancement of the ends of justice. State v. Parkey, Tex.Civ.App., 295 S.W.2d 457 (Ref. n. r. e.); McDonald, Texas Civil Practice, Vol. 3, Sec. 11.24. And it is held that there are occasions when it is the duty of the court to grant such a request, especially when the proffered testimony is decisive, its reception will not cause any undue delay, or do an injustice. Hill v. Melton, Tex.Civ.App., 311 S.W.2d 496 (err. dism.). We are of the opinion that the trial court abused his discretion in refusing additional testimony, for, in the words of the rule, "it clearly appears to be necessary to the due administration of justice". The issue of divorce was cared for by the admission by one party that the evidence of the other was sufficient, but the paramount issue before the court was the welfare of the children. In the legal maneuvering between the principals, little evidence was presented on behalf of those more seriously affected by the decisions to be made. The best placement of the children for their present and future welfare and the provisions to be made for their support were paramount issues for determination. The court needed all the help it could get on these questions; yet the evidence was meager. At one point, the court noted that there was before it no evidence as to the ability of anyone to provide child support. Under such circumstances, the court had a duty to hear additional evidence. It was necessary to the due administration of justice to the children to inquire further into the circumstances of their future care and overall welfare. All parties were present and no undue delay would have resulted, the plaintiff and three children having come from California to be present for the trial. Reluctant though we are to subject the children to another trial, we are of the opinion that their best interests require it.

The judgment of the trial court is reversed and the cause remanded.