**CANYON CREDIT UNION, Appellant,**

v.

**Billy R. COLEMAN, Appellee.**

**No. 8010.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 26, 1970.

Lockhart, Lindsey & Neal and E. H. Lindsey, Amarillo, for appellant.

Lon Moser, Amarillo, for appellee.

NORTHCUTT, Justice.

On November 12, 1966, Billy Coleman executed and delivered his promissory note in the principal sum of $849.64 payable to Canyon Credit Union. Said note was payable in monthly installments of $51.84. The first payment was to be made on December 1, 1966, and a like amount every month thereafter until the full amount of the note had been paid. Collateral was a chattel mortgage upon some musical instruments. The musical instruments were later received by Canyon Credit Union from Coleman and sold for the sum of $400.00.

Canyon Credit Union brought this suit against Billy R. Coleman to recover the balance due upon the note. Canyon Credit Union will be hereinafter referred to as plaintiff and Coleman as defendant. There is no question as to the execution and delivery of the note but defendant by his answer contended plaintiff did not sell the musical instruments for fair price as such instruments had a reasonable market value in the sum of $900.00, and therefore, he should recover judgment for the sum of $500.00 together with interest, being the difference between the reasonable market value and the sum the plaintiff sold the instruments for.

After plaintiff had proven up the note and shown the musical instruments were received from the defendant and sold for $400.00, and some other evidence not of interest herein, the plaintiff rested. After plaintiff rested, defendant made a motion for an instructed verdict stating that plaintiff had failed to prove ownership of the note, execution of the note, balance due and a regularity of the sale in order to prove a delinquency judgment. After the motion for an instructed verdict was requested and the court stated he was going

to grant the motion, the plaintiff asked leave of the court to reopen and call the defendant. Plaintiff further stated that he had two other witnesses, one of them was the defendant, which he was going to cross examine at the proper time. The court refused the request of the plaintiff to be permitted to offer further evidence and gave an instructed verdict for the defendant. Judgment was entered that the plaintiff recover nothing by its suit and from that judgment, plaintiff perfected this appeal. The plaintiff presents this appeal upon four points of error in its brief. The defendant did not file any brief herein.

We think the sole issue here involved to be determined is under plaintiff's third point of error where it is contended the trial court erred in not granting plaintiff the right to reopen and produce additional evidence in the interest of justice under the Texas Rules of Civil Procedure 270.

If the defendant had rested when the plaintiff rested, and then both parties had closed, we would have another situation here involved. Part of defendant's motion for an instructed verdict was good and if plaintiff had relied upon the record then made, and had not requested permission of the court to introduce other evidence, the instructed verdict would have been proper.

The sole issue here to be determined is whether the trial court abused his discretion in refusing additional testimony. It is stated in Hill v. Melton, Tex.Civ.App., 311 S.W.2d 496 at 500 (error dismissed) as follows:

"Ordinarily it lies within the trial court's discretion to grant or refuse permission to a party to reopen a case for the reception of additional testimony. But there are occasions when it is the duty of the court to grant such a request, especially when the proffered testimony is decisive, its reception will not cause any undue delay, or do an injustice. State of Texas v. Parkey, Tex. Civ.App., 295 S.W.2d 457, at page 462;

Rule 270, T.R.C.P.; 41–B Tex.Jur. 130. In our opinion this was such an occasion."

It is also stated in McRoy v. Riverlake Country Club, Inc., Tex.Civ.App., 426 S.W. 2d 299 at 305 (n. r. e.) as follows:

"It is well established that ordinarily the question of reopening a case for the reception of additional evidence is discretionary. But it is also well established that the discretion is to be liberally exercised. There are circumstances when a refusal to allow a reopening is an abuse of discretion. The refusal then constitutes prejudicial error. Hill v. Melton, 311 S.W.2d 496, 500 (Tex.Civ. App., Dallas 1958, writ dism'd); State v. Parkey, 295 S.W.2d 457, 462 (Tex.Civ. App., Waco 1956, writ ref'd n. r. e.); Stroud v. Temple Lumber Co., 284 S.W. 2d 909, 913 (Tex.Civ.App., Beaumont 1955, writ ref'd n. r. e.); Ledbetter v. Martinez, 12 S.W.2d 1042 (Tex.Civ.App., Austin 1929, no writ)."

See also Russell v. Russell, Tex.Civ.App., 443 S.W.2d 569.

It is undisputed under this record that defendant gave the note and chattel mortgage here in question, and the issue to be determined is how much, if any, the defendant still owes to the plaintiff. We are of the opinion that the trial court abused his discretion in refusing additional testimony, for, in the words of the rule, "it clearly appears to be necessary to the due administration of justice." There is nothing here to show that undue delay would have resulted and would not have required only a few questions and answers to correct the necessary proof plaintiff needed to perfect his record. Of course, we do not know what the evidence would have been or whether it would have been sufficient, but the plaintiff should have had the privilege of offering the testimony he had. The judgment of the trial court is reversed and the cause remanded.