Johnnie BARRIER, Individually and as Independent Executor of the Estate of George Harrell Beavers, Deceased, and Tony Dave Barrier, Appellants,

v.

Alice Harrell BEAVERS, Appellee.

No. 8544.

Court of Civil Appeals of Texas, Amarillo.

Nov. 28, 1975.

Rehearing Denied Dec. 29, 1975.

Bill Neal, Ney Sheridan, Jr., Vernon, for appellants.

Richard D. Bird, Childress, J. G. Scouris, Vernon, for appellee.

ROBINSON, Justice.

This will contest was brought by Alice Harrell Beavers, mother of the testator, against Johnnie Barrier, independent executor, and Tony Dave Barrier, sole devisee under the will, to set aside the will and probate of the will of George Harrell Beavers. The probate court sitting without a jury entered judgment in favor of the contestant. By written findings of fact and conclusions of law, the trial court found that the testator was mentally incompetent and of unsound mind on the date that he executed the will and that he lacked testamentary capacity to execute a will. The proponents appeal, challenging the legal and factual sufficiency of the evidence to support the findings of the trial court and asserting that the trial court erred in refusing to reopen the testimony and refusing to permit proponents to make a bill of exceptions showing the nature of the testimony sought to be introduced. Affirmed.

The will involved in this suit was executed on December 20, 1972, by George Harrell Beavers, who died March 18, 1974.

The crucial question in a will contest on the ground of testamentary capacity is the condition of the testator's mind on the day the will was executed. *Lee v. Lee,* 424 S.W.2d 609, 611 (Tex.1968). Lay opinion evidence of testamentary capacity based on witnesses' observations of the testator's conduct prior or subsequent to the date in question is admissible. However, evidence of incompetency at times other than the date of execution has probative value only when it demonstrates that the conditions persisted and had some probability of being the same condition which obtained at the time the will was made. *Lee v. Lee,* supra; *Williford v. Masten,* 521 S.W.2d 878 (Tex. Civ.App.—Amarillo 1975, writ ref'd n. r. e.).

At the hearing in the probate court, the contestant, Mrs. Beavers, and five other witnesses' who knew the testator well, testified regarding his mental competency, awareness of his business affairs, and his knowledge of the nature and extent of his property. Each of the contestant's witness-

es testified that they considered the testator mentally incompetent at various times before and after the date the will was executed, based on instances that each related. One witness testified that he would not do business with Beavers unless Johnnie Barrier, who had been a business associate of Beavers', approved the deal so it could not be said that he took advantage of Beavers. The testator's banker said that Beavers signed instruments without reading or understanding them, that Beavers was "slipping badly mentally" in late 1972 and early 1973, and that he urged Beavers to commit himself to a state hospital. There is evidence that Beavers denied several times in the spring of 1973 that he had ever made a will. The testimony adduced by the contestant shows an ongoing, deteriorating condition of mental incapacity in the testator that existed before and after the date on which the will was signed.

The proponents' only witness was the lawyer who drew the will. He was the only witness who testified to having seen the testator on the day the will was executed. He was aware of the testator's condition, but felt that he possessed testamentary capacity on the date he executed his will.

After considering the record in the light most favorable to the findings of fact and rejecting the contrary evidence and inferences, we find that the evidence is legally sufficient to support the trial court's findings and judgment. After considering all of the evidence, we conclude that the evidence is factually sufficient to support the findings and that they are not against the great weight and preponderance of the evidence.

Twelve days after testimony closed and after the trial court had announced its decision, appellants presented their motion, pursuant to Rule 270, Texas Rules of Civil Procedure, to reopen testimony to introduce certain letters allegedly written by the testator, and to adduce testimony of his testamentary capacity when he executed the will. This motion was denied, and on the same day, the trial court signed the judg-

ment in favor of the contestant, setting aside the will and its probate. On the next day, appellants filed a second motion to reopen, together with a request that the court set a hearing to adduce testimony and perfect their bill of exception. This motion was also denied.

■ It is within the trial court's discretion to permit a party to reopen a case to present additional evidence. That discretion is to be exercised liberally in the interest of justice. An improper exercise of discretion is prejudicial error. *Canyon Credit Union v. Coleman,* 450 S.W.2d 368, 369 (Tex.Civ.App.—Amarillo 1970, no writ) and the cases cited therein.

■ We may not review the trial court's exercise of discretion in refusing appellants' motions to reopen, unless the appellants showed or offered to show, by bill of exception or otherwise, who would testify, that the witnesses were available, and what their testimony would be. *McRoy v. Riverlake Country Club, Inc.,* 426 S.W.2d 299, 305 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.). See also *Isenberg v. Isenberg,* 510 S.W.2d 364 (Tex.Civ.App.—San Antonio 1974, no writ).

■ Proponents' motions to reopen show that their witnesses would testify that the testator, in their opinions, was of sound mind and mentally competent to execute the will on the date it was executed. Proponents' assertion concerning the nature of the proposed testimony will be taken as true for the purposes of this appeal. Thus, the error, if there was error, in the trial court's refusal to permit the bill of exceptions is harmless because it does not keep proponents from making a proper presentation on appeal of their contention that the trial court abused its discretion in refusing to reopen testimony. See *Herfurth v. City of Dallas,* 410 S.W.2d 453 (Tex.Civ.App.—Dallas 1966, writ ref'd n. r. e.). See also *Dorn v. Cartwright,* 392 S.W.2d 181 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.).

■ Proponents' first motion to reopen was made after the evidence had been

closed and the trial court had had the case under advisement for twelve days. They presented no explanation of why the witnesses had not been available at the time of trial. There is no showing that the witnesses were ever present and ready to testify. The proffered testimony would have been cumulative of that already presented. Proponents' documentary evidence in the form of letters written by the testator well over a year after the will was executed are of minimal probative value because of their late date. Moreover, at least some of the letters were in the possession of the contestant's lawyer at the time of trial and subject to a timely motion of discovery, which was never made. Proponents were not attempting to present evidence on a key element of the case which had been omitted at trial as were appellants in *Russell v. Russell*, 443 S.W.2d 569 (Tex.Civ.App.—El Paso 1969, no writ). Nor were they attempting to complete testimony inadvertently left incomplete as were appellants in *Canyon Credit Union v. Coleman*, supra. We do not find that the trial court abused its discretion in refusing to permit proponents to reopen their case.

The judgment of the trial court is affirmed.