Roy P. SMART, Appellant,

v.

MISSOURI–KANSAS–TEXAS RAILROAD COMPANY, Appellee.

No. 1091.

Court of Civil Appeals of Texas, Tyler.

Dec. 29, 1977.

Rehearing Denied Jan. 19, 1978.

David K. Line, Robert W. Hartson, Inc., Dallas, for appellant.

John B. Webster, Dallas, for appellee.

McKAY, Justice.

This is a personal injury case tried before a jury. Appellant, Roy P. Smart, filed suit against appellee, Missouri-Kansas-Texas Railroad Company, for injuries allegedly sustained when he was sliding open a door on a railroad boxcar owned by appellee, basing his claim on theories of negligence and products liability. Appellee answered by general denial and specifically denied all the elements of negligence and the applicability of products liability to the facts presented. The cause was submitted to the jury on seventeen special issues. Based on the jury's answers, judgment was rendered for appellee, from which appellant has perfected this appeal.

The basis of the controversy centers around whether the boxcar door guide upon which the sliding door moved was bent so as to impair the movement of the door. In the trial court, it was appellant's contention that the door guide was bent, thereby causing the door to have a propensity to stop suddenly during sliding motion. Appellant contended that there existed such a defect, and that this defect caused an abrupt stopping of the door, causing him to sustain an injury to his back while attempting to close the door.

After both parties had closed and before the jury had retired, appellant moved to reopen in order to offer deposition testimony of Jerome McClung, an employee of appellee, concerning appellee's failure to make and report inspections of the boxcar door. This motion was made after appellee's witnesses had been excused. The trial court then overruled appellant's motion to reopen.

Appellant's sole point of error is that the trial court erred in refusing to allow appellant to reopen and offer evidence which he claims is new and independent of that already admitted. Appellant contends that the trial court's refusal to allow appellant to reopen was reasonably calculated to cause and probably did cause the jury to answer special issues 2 and 9 unfavorably to appellant, thereby resulting in the rendering of an improper judgment. By its answer to special issue 2, the jury failed to find that at the time appellee delivered the boxcar in question to Purex Corporation, appellant's employer, the boxcar had a bent and damaged top door track. By its answer to special issue 9, the jury failed to find that prior to the delivery of the boxcar in question to the Purex premises, appellee failed to make such inspection of the boxcar as a person using ordinary care would have made.

Appellant contends that the relevant portions of McClung's deposition testimony are, in substance: (1) that difficulty in opening boxcar doors was a common industry problem; (2) that appellee's inspector generally did not inspect the boxcar doors to see if they rolled freely; and (3) that there would be no report made concerning a boxcar door that was difficult to open as a dangerous condition. Appellant contends that this testimony would have had a bearing on the jury's answers to special issues 2 and 9. We disagree.

Rule 270, Tex.R.Civ.P., provides in pertinent part:

"At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice."

A trial court judge may exercise wide discretion in the admission of additional evidence under Rule 270. *Papco, Inc. v. Eaton*, 522 S.W.2d 538, 543 (Tex.Civ.App.—Texarkana 1975, no writ). It is within the sound discretion of the court to allow a party to reopen his case after having rested it. *Binford v. Snyder*, 144 Tex. 134, 189 S.W.2d 471, 476 (1945); *Wofford v. Miller*, 381 S.W.2d 640 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). However, there must be a showing of diligence upon the part of the moving party in making such a request. *Highlands Underwriters Ins. Co. v. Martin*, 442 S.W.2d 770, 772 (Tex.Civ.App.—Beaumont, 1969, no writ).

Refusing to allow a party to reopen to offer evidence on a collateral matter is not an abuse of discretion. *Texas & Pacific Railway Co. v. Salazar*, 458 S.W.2d 116, 124 (Tex.Civ.App.—El Paso 1970, writ ref'd n. r. e.). Also, it is not an abuse of discretion to refuse to admit testimony which would have been merely cumulative of that which was already abundantly shown in the record then before the jury. *Barrier v. Beavers*, 531 S.W.2d 191, 194 (Tex.Civ.App.—Amarillo 1975, writ ref'd, n. r. e.); *Highlands Underwriters Ins. Co. v. Martin*, supra at 773.

In offering this deposition testimony, appellant has failed to show any diligence. The deposition was available at all times during the course of the five-day trial. Not until appellee's witnesses had been dismissed and had left the courtroom did appellant offer this testimony. Nowhere does appellant attempt to explain why the testimony was not offered until appellee's witnesses had been excused. We think the trial court's ruling must be sustained on the ground that appellant failed to show due diligence in offering the testimony.

Moreover, a review of McClung's testimony fails to reveal any matters material to special issues 2 and 9. His testimony does not relate in any instance to the boxcar involved in this suit. In fact, the deposition reveals unequivocally that McClung had no recollection whatsoever of the boxcar involved here. Thus we fail to see the materiality of the proffered testimony. Therefore, for this additional reason, the court did not abuse its discretion in refusing to admit the testimony.

Finally, we think the testimony was merely cumulative of evidence already before the jury. During the trial, Martin Rister, chief mechanical officer of appellee, described the manner in which car inspectors regularly performed their duties and stated that they normally do not open and close the doors on boxcars to see how well they move. Rister also testified that appellee's customers frequently experienced difficulty in opening and closing boxcar doors, and described the assistance given to customers in such instances.

U. L. Taylor, general car inspector for Missouri-Pacific Railroad Company, testified that it was common place on his railroad for customers to experience difficulty in opening and closing boxcar doors and that his company provided substantially the same service in this regard as that provided by appellee. He further testified that car inspectors employed by the Missouri-Pacific did not ordinarily open and close boxcar doors as part of their inspection duties.

Gilbert Whitaker, appellant's co-worker, testified that in opening boxcar doors at appellant's place of work, it was usually necessary to use a crowbar to open boxcar doors. Additional testimony that boxcar doors are usually difficult to open was given by appellant's superior, Wylie Attkisson, and his supervisor, Merl Hughes.

Based on the facts of the case and the testimony adduced at trial, the trial court's refusal to allow appellant to reopen was not reasonably calculated to cause and in our opinion, did not cause the jury to answer special issues 2 and 9 unfavorably to appellant. Therefore, we hold that the trial court did not abuse its discretion in refusing to permit appellant to reopen his case. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.