**In the Matter of the MARRIAGE OF Phyllis Carrie MURPHY and Billie Dee Murphy.**

**No. 8844.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 23, 1978.

Miller & Miller, John H. Tull, Jr., Amarillo, for appellant.

Thomas W. Kendrick, Amarillo, Burrell B. Evans, Tulia, for appellee.

ROBINSON, Chief Justice.

This appeal is limited to the portion of a judgment of divorce which awarded the wife a 4.73 acre tract of land in division of the community property. Appellant husband contends that the trial court erred in denying a motion to reopen the evidence nineteen days after the trial judge announced his decision. Affirmed.

Appellant filed a sworn inventory and appraisement on September 17, 1975, listing both separate and community property. The 4.73 acre tract in question was the only property listed as community realty; two

other tracts were shown as separate realty. At trial, November 9, 1976, appellant stipulated that the 4.73 acre tract was community property. The record shows that the tract was acquired during the marriage and payments were still being made on the tract at the time of trial. On November 17, 1976, the trial judge sent a letter to counsel for the parties, informing them of his division of the property, specifically awarding appellee wife the 4.73 acre tract as her separate property. Nineteen days later, on December 6, 1976, appellant filed a motion to reopen the evidence. He contended that he would show, *inter alia*, that the tract was actually his separate property, acquired by gift from his aunt. The motion was denied and judgment entered February 10, 1977.

Texas Rule of Civil Procedure 270 provides in part as follows: "At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice." The standard of review in considering appeals based on Rule 270 is well settled:

> The question of reopening a case for the purpose of admitting additional testimony is clearly within the sound discretion of the trial judge, and his action refusing to permit a party to reopen for such purpose should not be disturbed by an appellate court unless it clearly appears that such discretion has been abused.

*Word v. United States Coffee & Tea Co.*, 324 S.W.2d 258, 262 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.); *Highlands Underwriters Insurance Co. v. Martin*, 442 S.W.2d 770 (Tex.Civ.App.—Beaumont 1969, no writ). Furthermore, the discretion of the trial court is to be liberally exercised in the interest of justice. An improper exercise of discretion is prejudicial error. *Canyon Credit Union v. Coleman*, 450 S.W.2d 368 (Tex.Civ.App.—Amarillo 1970, no writ).

After reviewing the record before us we conclude that appellant failed to show diligence in producing the evidence he now seeks to offer and that the trial judge did not abuse his discretion in denying the motion to reopen. *See Isenberg v. Isenberg*, 510 S.W.2d 364 (Tex.Civ.App.—San Antonio 1974, no writ). The inventory was filed nearly fourteen months before trial and was signed by appellant. There is no evidence that appellant did not prepare the inventory. He testified concerning the very property in question and had ample opportunity to correct any mistake. Further, appellant's motion to reopen was made almost three weeks after the court announced the property division by letter. In his motion, he did not explain his failure to discover any mistake before the judge's letter announcing his decision, or show excuse for the delay in filing the motion to reopen the evidence. Appellant has not cited a case, and we have found none, holding that it is an abuse of discretion for a trial court to refuse to reopen the evidence on facts similar to those before us.

We have considered the evidence in the light most favorable to the judgment and conclude that there is some evidence of every fact necessary to support the judgment. We have considered all of the evidence including that opposing the judgment as well as that favorable to it and conclude that the evidence is factually sufficient to support the judgment. We do not find that the trial court abused its discretion in awarding the tract in question to appellee.

Each of appellant's points of error is overruled.

The judgment of the trial court is affirmed.